■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McMICKEL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered March 23, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict,

and imposing sentence. The appeal brings up for review the denial of the defendant's motion to suppress identification testimony.

Judgment affirmed.

The testimony at the *Wade* hearing indicated that approximately three days after the robbery, the complaining witness selected a photograph of defendant from a group of over 50 photographs, all of black males approximately 5 feet 10 inches in height, and that she identified it as a photograph of the perpetrator. Approximately one week later, she identified defendant in a lineup which contained five other persons. After the *Wade* hearing, the court ruled admissible testimony that the complaining witness identified defendant at a lineup on the ground that there was no police suggestiveness involved in the identification procedures. Defendant contends that the trial court's ruling constituted reversible error because the lineup, conducted after the photographic viewing, was impermissibly tainted. We disagree. The trial court's finding that both the lineup and photographic identification procedures were not suggestive is amply supported by the record. Moreover, there is no evidence that, at the lineup, the complaining witness was merely identifying the man in the photograph rather than the man who robbed her (see *People v Jones,* 85 AD2d 50; *People v Russo,* 52 AD2d 62).

We have reviewed defendant's other contentions and have found them to be without merit. Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.