■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BOOKHART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered October 28, 1982, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress evidence.

Judgment affirmed.

The detective and Assistant District Attorney who took

inculpatory statements from the defendant both testified that at that time they were unaware of the pendency of the prior charges against him. There being no evidence to the contrary, and no reason to inquire as to whether charges were pending, the defendant's motion to suppress statements made after a knowing and voluntary waiver of his *Miranda* rights was properly denied *(see, People v Bertolo,* 65 NY2d 111; *People v Servidio,* 54 NY2d 951; *People v Sanchez,* 109 AD2d 761).

In addition, the accidental observation of the defendant by an eyewitness when the defendant was brought to the precinct several hours after the incident was not unnecessarily or impermissibly suggestive, since it was unavoidable and not due to any fault of law enforcement officials *(see, People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Gonzalez,* 61 AD2d 666, *affd* 46 NY2d 1011). In any event, the hearing court correctly found an independent basis for the witness' in-court identification of the defendant *(see, People v Adams,* 53 NY2d 241; *People v Rivera,* 108 AD2d 935).

The defendant's remaining contention has not been preserved for this court's review *(see, People v Martin,* 50 NY2d 1029; *People v Jones,* 81 AD2d 22). Mollen, P. J., Bracken, Lawrence and Kooper, JJ., concur.