**STATE of Tennessee, Appellee,**

v.

**James A. GOINS, Defendant-Appellant.**

Supreme Court of Tennessee,
at Jackson.

Feb. 24, 1986.

· Stanley H. Less, Memphis, for defendant-appellant.

Ann Lacy Johns, Asst. Atty. Gen., Nashville (W.J. Michael Cody, Atty. Gen. & Reporter, Nashville of counsel), for appellee.

## OPINION

DROWOTA, Justice.

In this case, defendant, James A. Goins, was convicted in a jury trial under three separate indictments for concealing stolen property over the value of two hundred dollars ($200). T.C.A. § 39–3–1112 (1982). The Court of Criminal Appeals affirmed the judgment of the Criminal Court

for Shelby County. This Court granted defendant's application to appeal solely on the issue of whether these multiple convictions may stand under the Double Jeopardy Clause of the Tennessee Constitution, Art. I, § 10. Although defendant did not raise this issue previously, this Court may correct constitutional errors to prevent manifest injustice. *See* Rule 13(b), T.R.A.P.; Rule 52(b), T.R.Crim.P. *See also Veach v. State*, 491 S.W.2d 81, 83 (Tenn.1973).

■ To sustain a conviction for receiving or concealing stolen property, the State must prove: (1) that defendant fraudulently received, purchased, concealed, or aided in concealing, (2) goods feloniously taken or stolen from another, or goods obtained by robbery or burglary, (3) knowing such goods to have been so obtained, (4) with the intent to deprive the owner of possession. The State does not have to show who stole the goods or the name of the victim of the theft, but the evidence must show that the property is owned by someone other than the defendant, that the property is in fact stolen, that the defendant received or concealed the property with knowledge of its stolen nature, and that defendant had the necessary intent to deprive the owners of their property. If, however, ownership is placed in a certain person, that must also be shown. "[T]he gravamen of the crime [is] the fact that the receiver knew that he was receiving stolen property." *Williams v. State*, 216 Tenn. 89, 95, 390 S.W.2d 234, 237 (1965) (quoting *Cobb v. State*, 201 Tenn. 676, 301 S.W.2d 370 (1957)). *See also State v. Hatchett*, 560 S.W.2d 627 (Tenn.1978). Further, unexplained possession of recently stolen property will permit an inference that the defendant knew it was stolen. *State v. Hatchett, supra; State v. McColgan*, 631 S.W.2d 151 (Tenn. Crim.App.1981).

The evidence in the record of this case showed that defendant was found in possession of recently stolen property as the result of a search conducted at the defendant's home on September 11, 1981. Under the authority of a search warrant, the police found large quantities of personal property such as guns, silverware, jewelry, and numerous other items, having a combined worth of well over Two Hundred Dollars. The stolen property of the victims named in the indictments was found during this search. The burglaries were committed on separate occasions by Richard Nash in Memphis in early 1981. Police obtained the search warrant based on information supplied by Mr. Nash following his arrest that he had sold some of the stolen property to the defendant. Defendant also admitted to purchasing stolen property from Mr. Nash. The State's proof included testimony by the victims of the three burglaries in which they stated that they had been burglarized and described the items taken. The officers investigating the burglaries also executed the search warrant at defendant's house; they testified to what was found during the search. No evidence whatsoever was produced showing when or how the defendant received or concealed the items identified as the fruits of the three burglaries upon which these indictments were predicated. Nevertheless, defendant was convicted separately for concealing or receiving the stolen property from each of these burglaries.

■ While the evidence is clearly sufficient to sustain one conviction for concealing stolen property in violation of T.C.A. § 39–3–1112, the Double Jeopardy Clause and the case law in Tennessee will not allow two of the three convictions to stand. This Court has stated previously that no hard and fast rule for determining when the Double Jeopardy Clause applies can be readily formulated and that "each case requires close and careful analysis of the offenses involved, the statutory definitions of the crimes, the legislative intent and the particular facts and circumstances." *State v. Black*, 524 S.W.2d 913, 919 (Tenn.1975). *Accord State v. Lowery*, 667 S.W.2d 52 (Tenn.1984). Moreover, " 'certainly it must be clear that the offenses are wholly separate and distinct.' [*Patmore v. State*, 152 Tenn. 281, 284, 277 S.W. 892, 893 (1925).]" *Grant v. State*, 213 Tenn. 440, 445, 374 S.W.2d 391, 393 (1964).

The only offense involved here is concealing stolen property over the value of two hundred dollars. T.C.A. § 39–3–1112 defines this crime and demonstrates no clear legislative intent to punish separately the concealment of property stolen at different times without some evidence that such property was concealed by the defendant in separate transactions. Although construing what is now T.C.A. § 39–3–1113 [Receiving or concealing stolen property under two hundred dollars], the legislative intent found in *Lumpkins v. State*, 584 S.W.2d 244, 245 (Tenn.Crim.App. 1979), is applicable to T.C.A. § 39–3–1112 as well: "The General Assembly clearly intended that larceny related charges stemming from a single transaction subject a defendant to a single punishment under our law." Moreover, penal statutes are construed strictly against the State. *See State v. Davis*, 654 S.W.2d 688, 700 (Tenn. Crim.App.1983). As the Court of Criminal Appeals noted in *Conner v. State*, 531 S.W.2d 119 (Tenn.Crim.App.1975), quoting from Wharton's *Criminal Law*, § 569:

> " 'Separate offenses are committed in receiving from the same person at different times stolen goods, knowing them to have been stolen. No distinction is made, however, when the property is received at one time, as to whether it is the property of one or several persons.' "

531 S.W.2d at 122.

Evidence concerning defendant's involvement in multiple transactions was available to the State in this case. Nevertheless, all of the items were found commingled in defendant's house during one search. No evidence was introduced that tended to show that defendant concealed the items stolen from the persons named in the indictments on several occasions.

> "The only conclusion that can be drawn from the proof and from the verdicts of the jury in these cases is that, if received at all, the defendant received the subject items of stolen property from the thief, at one and the same time. The State offers no proof, direct or circumstantial, to show that he received the items at different times."

*Conner v. State, id. Cf. Grant v. State, supra* (since no evidence indicated that defendant committed four separate acts of contempt when he advised all four clients as a group at one meeting to commit perjury, he could be charged with only one contempt). Any inference the jury may have drawn that the property of the three testifying theft victims was the subject of separate transactions would be purely speculative. *Cf. State v. Lowery, supra*, 667 S.W.2d at 57. Nevertheless, generally, if a criminal episode involves several victims who have personally been victimized, the evidence could sustain multiple convictions. *See State v. Irvin*, 603 S.W.2d 121 (Tenn. 1980) (distinguishing crimes against the person from those against property). *Cf. State v. Henderson*, 620 S.W.2d 484 (Tenn. 1981) (only one robbery conviction could be sustained where defendant robbed a store and the store's employee at the same time because only one person was present, despite the fact that the property of two persons was taken).

The law in Tennessee on this issue has been clearly stated in *Williams v. State*, 216 Tenn. 89, 390 S.W.2d 234 (1965). A defendant may be indicted and convicted only for as many counts of receiving or concealing stolen goods as evidence shows there are separate transactions of receiving or concealing particular goods. Otherwise, the simultaneous possession of goods stolen from more than one person is only one offense. *See State v. Craig*, 655 S.W.2d 186 (Tenn.Crim.App.1983); *State v. McColgan, supra; Conner v. State, supra. See also Lumpkins v. State, supra.* These cases are consistent with the rationale of other cases under Art. I, § 10 of the Tennessee Constitution. *See, e.g., Usary v. State*, 172 Tenn. 305, 112 S.W.2d 7 (1937); *King v. State*, 216 Tenn. 215, 391 S.W.2d 637 (1965). The State may not divide a cache of stolen property received or concealed by a defendant by the number of victims of the thefts and thereby obtain that number of indictments absent some other evidence that identified goods have

been received or concealed separately. Accordingly, two of the convictions in this case are reversed and dismissed; one is affirmed.[1]

BROCK, C.J., and FONES, HARBISON and COOPER, JJ., concur.

---

**1.** The defendant was sentenced to not less than six years nor more than eight years on each count. Since the trial judge made no determination of whether the sentences were to be served concurrently or consecutively, they were to be served concurrently. Rule 32(a), T.R. Crim.P.