■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PRENDERGAST, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered June 11, 1984, convicting him of rape in the first degree, sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion as sought the suppression of identification testimony.

Judgment affirmed.

On September 11, 1982, the complainant was raped at knifepoint at about 11:30 A.M. Thereafter, she positively identified the defendant as her assailant, initially from photographs, and subsequently in a lineup.

Contrary to the defendant's contentions on this appeal, we agree with the suppression court's determination that the photographic identification procedure was not impermissibly suggestive or conducted in such a manner as to substantially increase the likelihood of misidentification. The photographic array shown to the victim did contain at least two different pictures of the defendant. We note that the victim stated that the first photograph looked like the rapist, but she could not be sure because the individual in the photograph was wearing a neckbrace, making him look heavier. She then positively identified a second photograph of the defendant in which he wore no neckbrace *(cf. People v Hall,* 81 AD2d 644; *People v Tindal,* 69 AD2d 58). Thus, the complainant's photographic identification was apparently based upon her own observations.

The defendant does not challenge the lineup procedure, and there is also "no evidence that, at the lineup, the complaining witness was merely identifying the man in the photograph rather than the man who" raped her *(People v McMickel,* 105 AD2d 851, 852).

As to the defendant's claim that the prosecution violated

the rules enunciated in *Brady v Maryland* (373 US 83), this issue was not properly preserved for appellate review *(see,* CPL 470.05 [2]; *People v Boyd,* 58 NY2d 1016). In any event, we find no basis in the record to conclude that the evidence belatedly sought by the defendant was ever available or known to the prosecution, or that it was in any way exculpatory.

In addition, we conclude that the suppression court properly admitted into evidence an audiotape of the lineup made by the Assistant District Attorney, who identified the tape at the hearing and testified that it was a fair and accurate reproduction of the conversations which took place, and that there had been no tampering with it. Under these circumstances, it was not necessary for the prosecution to establish a chain of custody *(see, People v Tayeh,* 96 AD2d 1045, 1046).

We have reviewed the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.