■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY GOODISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered October 24, 1984, convicting him of murder in the second degree, manslaughter in the first degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gallagher, J.), of those branches of the defendant's omnibus motion which were to suppress a statement made by him to the police and identification evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of murder in the second degree to an indeterminate term of from 15 years to life imprisonment; as so modified, the judgment is affirmed.

The defendant's contention that the actions of the police after his arrest and subsequent to his request to call his father required the suppression of his confession, is without merit. A request to contact a parent is not the legal equivalent of a request for an attorney. Further, without an indication that the defendant has a need for an attorney or that an attorney has entered the proceeding, the police are not under a duty to refrain from questioning him *(see, People v Fuschino,* 59 NY2d 91, 100). The facts adduced at the defendant's suppression hearing show that prior to being questioned, the defendant was read his *Miranda* rights twice and that he waived them each time. Further, we find no reason to disturb the hearing court's ruling that there were no improprieties in the procedures utilized by the police prior to the obtaining of the defendant's confession *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Lambert,* 125 AD2d 495; *People v Armstead,* 98 AD2d 726).

The brief accidental viewing of the defendant by the victim's brother, a witness to the incident, at a police station one day prior to his identification of the defendant at a lineup does not taint the identification, as the viewing occurred through mere happenstance and was not due to any fault on the part of law enforcement officials (see, People v Logan, 25 NY2d 184, 193, cert denied 396 US 1020; People v Whitaker, 126 AD2d 688; People v Bookhart, 117 AD2d 739, 740). Further, as the hearing court noted, the witness saw the defendant while he chased him immediately after the commission of the crime, which supplied an independent basis for his identification of the defendant (see, People v Bookhart, supra, at 740; People v Jackson, 108 AD2d 757, 758).

The defendant's arrest was proper, as the information supplied by other police officers to the arresting officer that a crime had been committed, the fact that the arresting officer saw the defendant fleeing from the crime scene, and additional information supplied to him by the victim's brother gave the officer probable cause for the arrest (see, People v Hearns, 122 AD2d 955, lv denied 68 NY2d 914; People v Tidwell, 122 AD2d 289), and the defendant's confession and the identification of him by the victim's brother were thus not the fruit of an illegal arrest.

Although the actions of the prosecutor were hardly "a model of advocacy" as claimed by the People on appeal, the prosecutorial misconduct in this case does not require the reversal of the defendant's conviction given the overwhelming evidence of guilt against the defendant (see, People v Crimmins, 36 NY2d 230, 242).

Finally, we find that the sentence was excessive to the extent indicated. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.