■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE REINA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered July 8, 1985, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence at trial did not establish his guilt beyond a reasonable doubt in that the testimony of the prosecution witnesses was not sufficiently reliable to support his conviction. We disagree.

The record reveals that the defendant—whom the complainant recognized as having been in his grocery store a few days earlier—entered the store with another robber at about 2:30 P.M. and stood facing the complainant for approximately three minutes prior to the announcement of the robbery. The complainant testified that the store was well lit and that he was able to get a good look at the defendant's face. Additionally, another witness present in the grocery store, who also identified the defendant as the thief, testified that she observed defendant's face from a distance of approximately three feet. Subsequently, both eyewitnesses viewed lineups and identified the defendant as the robber. In light of the foregoing, and considering that the "responsibility for resolving questions relating to identification and credibility of the witnesses lies with the trier of fact" *(People v Herriot,* 110 AD2d 851, 852), we perceive no reason to disturb the jury's decision to credit the identification testimony of the prosecution's witnesses. Moreover, we find that the photographic and lineup identification procedures employed here were not " 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification' " *(People v Malphurs,* 111 AD2d 266, 268, quoting *Simmons v United States,* 390 US 377, 384; *cf., People v Prendergast,* 118 AD2d 602, *lv denied* 68 NY2d 671; *see also, People v Bookhart,* 117 AD2d 739; *People v Smalls,* 112 AD2d 173). In any event, the record supports the

hearing court's determination that the witnesses' identifications were supported by an independent basis (see, People v Adams, 53 NY2d 241; People v Bookhart, supra, at 740; People v Smalls, supra; People v Rivera, 108 AD2d 935).

Finally, the court's alibi and reasonable doubt charges correctly conveyed to the jury the applicable principles of law (see, People v Victor, 62 NY2d 374). Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.