■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN HUNTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 11, 1983, convicting him of attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review (1) the denial (Grajales, J.) of the defendant's motion to dismiss the indictment on the ground that he was denied his right to testify before the Grand Jury, and (2) the denial (Pincus, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statement to the police and identification testimony.

Ordered that the judgment is affirmed.

The defendant's motion to dismiss the indictment on the basis that he was denied his right to testify before the Grand Jury was properly denied. There is nothing in the record to indicate that the District Attorney was served with written

notice of the defendant's intention to testify *(see, People v Reynolds,* 35 AD2d 529), and there is no evidence in the record that the defendant made a timely, written motion to dismiss the indictment on this basis *(see,* CPL 190.50 [5] [c]; 210.45 [1]).

The hearing court did not err in denying that branch of the defendant's omnibus motion which was for suppression of the oral statement made by the defendant while he was being transported to a detention facility and after his right to counsel had indelibly attached, as the evidence adduced at the suppression hearing supports the hearing court's determination that the statement was spontaneous *(see, People v Howard,* 60 NY2d 999; *People v Stoesser,* 53 NY2d 648; *People v Lynes,* 49 NY2d 286). Nor did the hearing court err in denying that branch of the defendant's omnibus motion which was to suppress the identification testimony. Assuming that the complainant was improperly shown a photograph of the defendant in May 1982, any suggestive effect this procedure may have had was sufficiently dispelled by the time the complainant, in November 1982, viewed a lineup which included the defendant *(see, People v Carter,* 106 AD2d 654; *see also, People v Prendergast,* 118 AD2d 602, *lv denied* 68 NY2d 671; *People v McMickel,* 105 AD2d 851). Furthermore, the hearing court's determination that there is an independent source for the in-court identification is supported by the weight of the credible evidence.

Finally, the trial court did not abuse its discretion in permitting the complainant to show the jury the scars on his chest, which were the result of the crime for which the defendant was being tried, since the sole purpose of this display was not to arouse the emotions of the jury and to prejudice the defendant *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905), but to demonstrate the seriousness of the injuries. Thus, we find that its probative value was not outweighed by its prejudicial effect *(see, People v Bell,* 63 NY2d 796).

We have considered the remaining contentions raised by the defendant, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.