■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON BADIA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Pesce, J.), both rendered December 13, 1988, convicting him of criminal

sale of a controlled substance in the third degree under indictment No. 6317/86, upon his plea of guilty, and criminal possession of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the first degree, and criminal possession of a controlled substance in the first degree under indictment No. 7680/87, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant had on three separate occasions made sales of increasingly larger amounts of cocaine to an undercover police officer. These sales were observed by the undercover officer's backup team, and were in part videotaped and audiotaped. On a fourth occasion, the defendant had agreed to sell the undercover officer 125 grams of the drug, and had for this purpose brought the officer into a certain apartment on Livonia Avenue in Brooklyn. After he was inside the apartment, the undercover officer alerted the backup officers, who then entered the apartment and arrested the defendant and a codefendant. The testimony adduced at the suppression hearing established that the undercover officer saw the defendant conceal a bag of cocaine in a hallway closet of the apartment, as the backup team was entering the building. The undercover officer then pointed out the location of the cocaine to one of the arresting officers, who seized it as the defendant and his codefendant were placed under arrest.

Because it was not demonstrated to the hearing court that the defendant had any legitimate expectation of privacy in the apartment in question, he lacked standing to challenge the seizure of the bag containing the cocaine (see, People v Wesley, 73 NY2d 351, 358; People v Rodriguez, 69 NY2d 159, 163; People v Malcolm, 143 AD2d 1049; see also, Lewis v United States, 385 US 206, 211).

During the sale, the undercover officer used a body microphone. The court, however, improperly admitted the audiotape into evidence because it was, for all practical purposes, unintelligible (see, People v Carrington, 151 AD2d 687, 688; People v Warner, 126 AD2d 788; People v Carrasco, 125 AD2d 695, 696). However, in view of the overwhelming other evidence of the defendant's guilt, the error was harmless (see, People v Crimmins, 36 NY2d 230, 237).

We have examined the defendant's remaining contentions, including the claim that his sentence was excessive, and find them to be without merit. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.