■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD DANANEL, Also Known as DARNEL CELESTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered February 27, 1991, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in permitting the victim to show the jury the scars on his chest and stomach, which were the result of the crime for which the defendant was being tried, since the purpose of that evidence was to demonstrate the seriousness of the injuries inflicted upon the victim by the defendant *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Cruz,* 176 AD2d 751; *People v Hunter,* 131 AD2d 877).

The trial court properly admitted the defendant's alleged statements for impeachment purposes after the defendant testified on his own behalf. Prior inconsistent statements, which might be inadmissible hearsay if utilized as evidence on direct examination, are admissible for impeachment on cross-examination because placing the inconsistency before the jury serves the truth-testing function of cross-examination which is integral to our adversarial system *(People v Hults,* 76 NY2d 190, 197-198; *see, People v Washington,* 51 NY2d 214, 221-222). There is no evidence that the defendant's alleged statements were coerced or involuntarily made *(see, Mincey v Arizona,* 437 US 385, 399). To the extent that the statements were claimed to be fabricated evidence, the issue was properly submitted to the jury for resolution.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not

against the weight of the evidence *(see,* CPL 470.15 [5]). It is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The trial court properly denied defense counsel's application for admission of the voided police arrest report into evidence. Defense counsel had not elicited the identity of the person who made the statements in this report, and therefore, the statements could not possibly have met the requirements of either the business records or prior inconsistent statement exceptions to the hearsay rule *(see,* CPLR 4518; *People v Wise,* 46 NY2d 321; *People v Dyer,* 128 AD2d 719).

The court did not improvidently exercise its discretion in permitting the prosecutor to inquire of a defense witness as to his prior drug conviction, since this prior criminal act had a bearing on the witness's credibility *(see, Badr v Hogan,* 75 NY2d 629, 634; *People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846).

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, are without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.