(May 15, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONSETTA FAYETTE, Appellant. [657 NYS2d 827] —White, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered August 16, 1994, upon a verdict convicting defendant of the crimes of grand larceny in the third degree, criminal possession of stolen property in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree.

For several months in 1993 and continuing until January 1994, defendant and two accomplices engaged in an extensive shoplifting spree in the City of Plattsburgh, Clinton County, area, preying on retail establishments that sold videos and small tools. The salient fact on this appeal is that the People did not establish the value of the merchandise defendant stole on each shoplifting foray; instead it aggregated the amounts to reach the statutory monetary thresholds for the grand larceny and criminal possession of stolen property offenses. Defendant maintains that this was error and that the counts of the indictment charging these offenses should have been dismissed.

The People contend that this issue was not preserved for our review. We disagree. This issue was raised in defendant's motion to dismiss the indictment wherein County Court was required to ascertain, *inter alia*, whether the Grand Jury had before it evidence legally sufficient to establish all the elements of the crimes charged in the indictment (*see, People v Jensen*, 86 NY2d 248, 251). Therefore, implicit in County Court's denial of the motion is its finding that the aggregation of the value of the merchandise met the statutory monetary thresholds of various offenses.

Aggregation is permissible where separate acts of theft are from the same owner and same location if the successive thefts are pursuant to a single sustained criminal scheme (8 Zett, NY Crim Prac ¶ 75.6 [2] [a] [iv]). Thus, where a subway toll clerk over a span of years stole 500 to 600 nickel fares at a time pursuant to a unitary scheme, aggregation was allowed (*see, People v Cox*, 286 NY 137, 142-143). Conversely, where a defendant and his accomplices sold round trip airplane tickets for three overseas charter trips which they did not intend to provide or complete, aggregation was not permitted because the thefts were not from the same person (*see, People v Perlstein*, 97 AD2d 482, 484).

There is no dispute that defendant's activities were not confined to one store. Therefore, aggregation was not appropriate in this case. Moreover, while it can be reasonably inferred that, between the pertinent dates of March 1993 to January 6, 1994, she victimized a store on more than one occasion, there is no proof that the aggregate value of merchandise taken from a single store exceeded $3,000 in value. Accordingly, we conclude that defendant's conviction of the crime of grand larceny in the third degree cannot be sustained. We reach the same conclusion with respect to her conviction of the crime of grand larceny in the fourth degree. This charge was predicated solely upon defendant's activities on January 7, 1994. On that day, the police observed her and her accomplice enter several stores and later emerge with merchandise. They, however, did not arrest her or seize the merchandise. Consequently, the record contains no evidence of its value.

Defendant's argument does not extend to her criminal possession of stolen property convictions because simultaneous possession of stolen property belonging to different persons can be considered one offense and the value of the property aggregated to constitute an enhanced charge of criminal possession of stolen property (*see, People v Buckley*, 75 NY2d 843, 846).

Defendant's remaining contentions do not require extended discussion. We find the indictment, as fleshed out by the bill of particulars, to be sufficient as it provided defendant with enough detail to enable her to formulate a defense and to raise the constitutional bar of double jeopardy against subsequent prosecutions for the same offense (*see, People v Sanchez*, 84 NY2d 440, 445; *People v Morris*, 61 NY2d 290, 293). Also, given County Court's appropriate limiting instructions, the admission of the photographs and videotapes depicting the stolen merchandise was proper since they tended to illustrate or

elucidate other relevant evidence (see, *People v Wood*, 79 NY2d 958, 960). Lastly, the admission of the allegedly inaudible audiotape* was, at most, harmless error in light of the overwhelming evidence of defendant's guilt and the fact that a participant in the taped conversation testified as to its contents (see, *People v Harrell*, 187 AD2d 453, *lv denied* 81 NY2d 789; *People v Badia*, 166 AD2d 711, 712, *lv denied* 77 NY2d 991; *People v Santiago*, 155 AD2d 628, 629, *lv denied* 75 NY2d 817).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as found defendant guilty of counts one and three of the indictment; said counts are dismissed and matter remitted to the County Court of Clinton County for resentencing upon counts two and four of the indictment; and, as so modified, affirmed.

---

* County Court was unable to provide us with this tape.