IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
(HEARD AT JOHNSON CITY)

FILED

April 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

Filed:    April 27, 1998

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | BRADLEY CRIMINAL |
| | ) | |
| v. | ) | Hon. Mayo L. Mashburn, Judge |
| | ) | |
| JOSEPH CATTONE, | ) | No. 03S01-9706-CR-00075 |
| | ) | |
| APPELLANT. | ) | |

FOR APPELLANTS:

CHARLES M. CORN
PUBLIC DEFENDER
CLEVELAND

FOR APPELLEES:

JOHN KNOX WALKUP
ATTORNEY GENERAL AND REPORTER

ELIZABETH T. RYAN
ASSISTANT ATTORNEY GENERAL
NASHVILLE

# O P I N I O N

APPELLATE COURT REVERSED IN PART,
AFFIRMED IN PART; CASE REMANDED                    HOLDER, J.

**OPINION**

We granted an appeal in this case to determine whether the values of service rendered by different individuals may be aggregated under the theft of services statute, Tenn. Code Ann. § 39-14-104.  In State v. Byrd, ___ S.W.2d ___ (Tenn. 1998), we held simultaneous possession of stolen property belonging to different owners may be considered as one offense and the value of the property may be aggregated for purposes of establishing the grade of offense under the theft of property statute.  Our holding in Byrd, however, was limited to theft by the exercise of control over another's property and did not apply to theft of services.  We hold that the value of services taken from separate individuals cannot be aggregated under the theft of services statute.

**FACTS**

The defendant owned and operated a business.  In April, 1991, his drug and alcohol dependence began to affect his business.  In May, 1991, he was unable to pay his employees for their services, to pay his United Parcel Service ("UPS") bill and to cover a draft he had written to a supplier for materials.  Subsequently, he was indicted for two counts of theft of services and for two counts of theft of property.

In count I of the indictment, the State alleged that the defendant committed theft of services from approximately thirty-five of his employees.  The indictment read, in pertinent part, that the defendant:

> on or about MAY, 1991, . . . unlawfully, feloniously, knowingly and intentionally obtain[ed] services of:  [names of thirty-five individuals], by use of deception, fraud, coercion, false pretense or other means for the purpose of avoiding payment for said services.

Further, that said acts were a continuing, criminal impulse or intent or were pursuant to the execution of a general larcenous scheme, whereby constituting a single act. Said services are valued at more than TEN THOUSAND AND 00/100 DOLLARS ($ 10,000.00), in violation of T.C.A. 39-14-104, . . .

Accordingly, the indictment aggregated the total value of the thirty-five employees' services for purposes of establishing the grade of the offense charged.

Count II of the indictment charged the defendant with theft of services under Tenn. Code Ann. § 39-14-104 for failing to pay his UPS bills in May of 1991. The indictment stated that the defendant:

on or about MAY, 1991, in Polk County, Tennessee, and before the finding of this indictment, did unlawfully, feloniously, knowingly and intentionally obtain services of UNITED PARCEL SERVICES (UPS) by use of deception, fraud, coercion, false pretense or other means for the purpose of avoiding payment for said services. Said services are valued at more than ONE THOUSAND AND 00/100 DOLLARS ($ 1,000.00), in violation of T.C.A. 39-14-104, all of which is against the peace and dignity of the State of Tennessee;

In charging the defendant with theft of property under Tenn. Code Ann. § 39-14-103, count III stated that:

on or about MAY, 1991, in Polk County, Tennessee, and before the finding of this indictment, [the defendant] did unlawfully, feloniously and knowingly exercise control over property, to-wit:

personal property, over the value of FIVE HUNDRED DOLLARS ($ 500.00),

of KENNETH CHASE without his effective consent, with intent to deprive the said owner thereof, in violation of T.C.A. 39-14-103, all of which is against the peace and dignity of the State of Tennessee.

Count IV charged the defendant with theft of property under Tenn. Code Ann. § 39-13-103:

> on or about MAY, 1991, in Polk County, Tennessee, and before the finding of this indictment, [the defendant] did unlawfully, feloniously and knowingly exercise control over property, to wit:
>
> personal property, over the value of FIVE HUNDRED DOLLARS ($ 500.00),
>
> of WALTER CHAMPION COMPANY without their effective consent, with intent to deprive the said owner thereof, in violation of T.C.A. 39-14-103, all of which is against the peace and dignity of the State of Tennessee.

The defendant filed a motion to dismiss arguing that the indictment, as described by the bill of particulars, did not allege "any factual allegations amounting to a crime." Specifically, the defendant alleged that: (1) count I improperly aggregated "numerous misdemeanors into a single felony count;" (2) counts I and II failed to described the wrongdoing "allegedly perpetrated by the defendant;" and (3) counts III and IV failed to "adequately describe the goods [and] services allegedly received by the defendant." The trial court granted the defendant's motion to dismiss "upon the grounds that the facts did not support the criminal intent of theft of services." The Court of Criminal Appeals reversed the trial court and reinstated the indictment on all four counts. We reverse the appellate court as to count I of the indictment and affirm the appellate court's reinstatement of counts II, III and IV.[1]

## COUNT I

---

[1] Oral argument was heard in this case on November 20, 1997, in Johnson City, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

Count I charged the defendant with theft of services for "intentionally obtain[ing] services."  The theft of services statute is codified at Tenn. Code Ann. § 39-14-104 and provides in relevant part:

> Theft of Services. --A person commits theft of services who:
>  (1)  Intentionally obtains services by deception, fraud, coercion, false pretense or any other means to avoid payment for the services;

Tenn. Code Ann. § 39-14-104.

Aggregation of theft offenses is generally permitted under two factual scenarios.  First, aggregation of value of stolen property taken in separate thefts is permitted when separate acts of theft are:  (1)  from the same owner; (2)  from the same location; and (3)  are pursuant to continuing criminal impulse or a single sustained larcenous scheme.  State v. Byrd, ___ S.W.2d ___, ___ (Tenn. 1998).  Where these elements are present, aggregation is permitted under both the theft of property statute and the theft of services statute.  See generally Tenn. Code Ann. § § 39-14-103, -104.  Second, aggregating the value of stolen property taken from different owners is permitted under the theft of property statute when a defendant exercises simultaneous possession or control over stolen property belonging to different owners.  Byrd, ___ S.W.2d at ___.  The defendant's alleged thefts in count I were from different owners.  Accordingly, the question now before us is whether the theft of services statute permits aggregating the value of stolen services taken from different owners.

Unlike the theft of property statute, the theft of a service under Tenn Code Ann. § 39-14-104(1) may only be accomplished by "obtaining" the service and does not incorporate an "exercising control over" provision similar to that found in the theft of property statute.  Compare Tenn. Code Ann. § 39-14-103 (stating

5

"obtains or exercises control over the property") with Tenn. Code Ann. § 39-14-104 (stating "obtains services by deception"). In Byrd, we held that the "exercises control over" language in the theft of property statute permits aggregating the value of property taken from different owners. The absence of such language in the theft of services statute precludes aggregation of the value of services taken from different owners. Accordingly, the second scenario permitting aggregation where a defendant exercises simultaneous possession or control of property belonging to different individuals is inapplicable to theft of services under Tenn. Code Ann. § 39-14-104(1).

While the defendant's actions were arguably a part of a continuing scheme, each uttering of a worthless check to a different individual was an independent or separate transaction sufficient to support separate indictments. Only separate utterings to the same individual pursuant to a single larcenous scheme may be aggregated in the case now before us. We, therefore, hold that count I improperly aggregated separate crimes under the theft of services statute.

## COUNTS II, III AND IV

Count II, III and IV did not aggregate the value of property for purposes of establishing the grade of the offense. The trial court dismissed these counts based on a finding that there was no proof of criminal intent. The Court of Criminal Appeals reversed the trial court, eloquently and succinctly stating:

> It is not the purpose of either the indictment or the bill of particulars to adequately prove the crime or to elect among alternative legal theories for the theft such as deception, fraud, or coercion. The complex nature of the facts underlying these offenses may present a significant burden to the state during the course of the trial; the charging instrument, however, is not

6

defective.  At the conclusion of the proof by the state, it may be that the defendant is entitled to a judgment of acquittal . . .  Yet a dismissal of the indictment at this time would not be warranted. The state must be allowed to proceed.

We agree with the appellate court's holding on this issue.

## CONCLUSION

Count I is dismissed for improperly aggregating the value of services allegedly stolen from different individuals under Tenn. Code Ann. § 39-13-104. The trial court 's order dismissing counts II, III and IV is set aside, and the indictment is reinstated on those counts.  The case is remanded to the trial court for further proceedings.  Costs of this appeal shall be taxed equally to the State and to the defendant, Joseph Cattone, for which execution may issue if necessary.

_____

Janice M. Holder, Justice

**PANEL:**

Anderson, C.J.
Drowota, Reid, Birch, J.J.