IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
(HEARD AT KINGSPORT)

FILED

April 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

**Filed:** ___April 27, 1998___

STATE OF TENNESSEE,        )
                           )
    APPELLEE,              )        SEVIER CRIMINAL
                           )
v.                         )        Hon. Rex Henry Ogle, Judge
                           )
BARBARA BYRD,              )        No. 03S01-9705-CR-00057
                           )
    APPELLANT.             )

FOR APPELLANT:                      FOR APPELLEE:

EDWARD C. MILLER                    JOHN KNOX WALKUP
PUBLIC DEFENDER                     ATTORNEY GENERAL AND REPORTER
DANDRIDGE

                                    MICHAEL J. FAHEY II
                                    ASSISTANT ATTORNEY GENERAL
                                    NASHVILLE

# O P I N I O N

COURT OF CRIMINAL APPEALS AFFIRMED                    HOLDER, J.

## OPINION

We granted this appeal to address the validity of an indictment that aggregates, under Tenn. Code Ann. § 39-14-103, the value of stolen property belonging to different owners.[1] We hold that aggregation of value is permissible under § 39-14-103 when a defendant simultaneously exercises possession or control over stolen property belonging to different owners.

## BACKGROUND

This case involves the theft of $ 2,644.92 in merchandise taken from nine separate merchants located in the Pigeon Forge area. The defendant, Barbara Ann Byrd, and three other individuals, Robbie Poole, Janie Carlton and Richard Devon Ewing, embarked on a journey to Pigeon Forge during which they planned to systematically steal merchandise from various stores. The four traveled to Pigeon Forge in a gray 1976 Oldsmobile Delta 88 that belonged to Ewing's father. Poole testified that he, the defendant, Carlton and Ewing had devised a scheme for stealing merchandise. Once they entered a store, two of the four would distract the sales staff while the other two placed merchandise into a shopping bag. They would leave the store without paying for the merchandise. The stolen merchandise was then placed into the trunk of the Delta 88. The foursome implemented this strategy at nine different stores.

The authorities apprehended the foursome and recovered $ 2,644.92 in stolen merchandise from the Delta 88. The defendant was indicted and subsequently convicted for theft of property over $ 1,000.00. She raised several

---

[1]Oral argument was heard in this case on November 21, 1997, in Kingsport, Sullivan County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

issues on appeal to the Court of Criminal Appeals. In one issue, she challenged the indictment as duplicitous and argued that she should have been charged with nine separate offenses because the stolen property was taken from nine different owners.[2] The Court of Criminal Appeals held that the prosecutor acted properly within his discretion in charging one count of theft over $1,000.00 under Tenn. Code Ann. § 39-14-103. We agree.

## ANALYSIS

The defendant raises a single narrow issue before this Court: "Whether the trial court erred in failing to dismiss the indictment due to the fact that numerous separate counts of theft were aggregated in a single count of an indictment?" Since the 1989 Criminal Reform Act revisions and codification of Tenn. Code Ann. § 39-14-103, this Court has not addressed the viability of indictments aggregating the value of stolen property.[3]

Aggregation of separate thefts is generally permissible where separate larcenous acts are: (1) from the same owner[s]; (2) from the same location; and

---

[2]The indictment read, in pertinent part:

[The defendant] did unlawfully, feloniously and knowingly obtain or exercise control over the following property: One (1) purse, the property of Banner House, Inc.; cologne and other property, owned by Prestige Fragrance; Two watches, owned by Swank; Clothes, owned by J. Crew, Inc.; clothes owned by the Closet, Inc.; one (1) Jacket, the property of Woolrich Factory Outlet, Inc.; miscellaneous property, owned by Christmas & Gifts, Inc.; clothes owned by Galt Sands, Inc.; Blankets, owned by the Gift Gallery, Inc., in all the aforesaid property having an aggregate value in excess of $1,000.00, the said defendant having obtained or exercised control over the property without the effective consent of the property owner, and with the intent to deprive the aforesaid owner of their property, . . .

[3]The following cases have addressed similar issues under the prior statutory scheme: State v. Goins, 705 S.W.2d 648 (Tenn. 1986) (interpreting Tenn. Code Ann. § 39-3-1112); Williams v. State, 390 S.W.2d 234 (Tenn. 1956) (addressing Tenn. Code Ann. § 39-4217); Nelson v. Gann, 344 S.W.2d 540 (Tenn. 1960) (deciding embezzlement issue under Tenn. Code Ann. § 39-4228); State v. O'Guin, 641 S.W.2d 894 (Tenn. Cr. App. 1982) (concerning Tenn. Code Ann. § 39-4224); Shell v. State, 584 S.W.2d 231 (Tenn. Crim. App. 1979) (aggregating under Tenn. Code Ann. § 39-4225). While these cases are instructive, they are not binding on the narrow issue of whether the indictment now before us improperly aggregated thefts under Tenn. Code Ann. § 39-13-103 (Repl. 1991).

(3) pursuant to a continuing criminal impulse or a single sustained larcenous scheme. See generally, Nelson v. State, 344 S.W.2d 540 (Tenn. 1960) (aggregating separate thefts from a trade union over a period of time pursuant to a general larcenous scheme). See also People v. Fayette, 657 N.Y.S.2d 827, 829 (N.Y. 1997) (finding aggregation permissible where separate thefts are from same owner and same location if pursuant to a sustained criminal scheme). In the case now before us, the stolen property belonged to different owners. Accordingly, the issue with which we are now confronted requires us to examine the validity of an indictment for theft of property that aggregates the value of stolen property belonging to different owners.

In 1989, the legislature eliminated the antiquated and confusing distinctions among various larceny-related crimes by opting for a single theft of property statute that embodies separate theft-related offenses. See Tenn. Code Ann. § 39-14-101 (stating current theft statute "embraces . . . embezzlement, false pretense, fraudulent conversion, larceny, receiving/concealing stolen property, and other similar offenses"). The current theft of property statute is codified at Tenn. Code Ann. § 39-14-103 and provides:

> A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent.

Tenn. Code Ann. § 39-14-103 (1991 Repl.). Accordingly, theft of property may be accomplished in one of two manners: (1) taking or obtaining property without consent and with an intent to deprive; or (2) exercising control over property without consent and with the intent to deprive.

4

Following our decision in State v. Goins, 705 S.W.2d 648 (Tenn. 1986), it would be illogical to prohibit the State from aggregating values of stolen property under § 39-14-103 in all cases. In Goins, the defendant was charged with receiving and concealing stolen property. The evidence revealed that the property belonged to three different owners. The State indicted and the jury convicted the defendant on three counts of receiving and concealing stolen property. This Court, however, dismissed two of the three counts on double jeopardy principles due to the absence of clear proof supporting the State's theory that the stolen property from the three victims was received in separate transactions.

In cases factually similar to Goins, it defies logic to prohibit aggregation of amounts taken from different victims when the State is already prohibited by Goins from charging separate crimes. Such a holding potentially provides criminals a "free theft" or a series of "free thefts."

One who exercises control over property exceeding $ 1,000.00 in value but less than $ 10,000 in value without consent and with the intent to deprive is guilty of a Class D felony. Tenn. Code Ann. § 39-14-105 (1991 Repl.). The Code's felony theft-grading subsection neither prohibits aggregation, requires that stolen articles contributing to the aggregated value be taken from the same owner, nor mandates that the stolen property be received from a third party. Accordingly, we find that the value of stolen property may be aggregated under Tenn. Code Ann. § 39-14-103 when a defendant exercises simultaneous possession or control over stolen property belonging to different owners.

In the case now before us, the defendant was in an automobile that contained in excess of $ 2,500.00 in stolen property. The evidence indicated

5

that she had simultaneous access to or control over the property without consent. The evidence further indicated that the defendant intended to deprive the individual owners of the property. Accordingly, the prosecutor acted within his discretion and had probable cause to indict the defendant for theft over $ 1,000.00. See State v. Gilliam, 901 S.W.2d 385, 389 (Tenn. Crim. App. 1995) (stating district attorneys have broad discretion in determining what crime to charge). We find that the indictment was facially valid. Costs of this appeal shall be taxed against the defendant, Barbara Byrd, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

**PANEL**

Anderson, C.J.
Reid, Drowota, J.J.

Birch, J. Not Participating

6