■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCHWING, Appellant. [779 NYS2d 816]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 16, 2001, upon a verdict convicting defendant of the crimes of attempted murder in the first degree, conspiracy in the second degree and assault in the first degree.

According to evidence adduced at trial, defendant arranged to pay his codefendant to kill the victim. The codefendant shot the victim four times, causing serious injuries, but the victim survived. A jury convicted defendant of attempted murder in the first degree, conspiracy in the second degree and assault in the first degree. County Court sentenced defendant as a second felony offender to concurrent prison terms of 24 years to life for attempted murder, 12 to 24 years for conspiracy, and 24 years for assault. The court initially imposed five-year periods of postrelease supervision to follow the prison terms for assault and conspiracy, but the sentence was later amended to delete postrelease supervision because the crimes were committed prior to the effective date of Penal Law § 70.45 (see L 1998, ch 1). Defendant appeals.

County Court properly permitted the victim's wife to testify even though she had previously been hypnotized. The victim's wife, who witnessed the shooting, gave several statements to the police soon after the shooting. A few weeks later, she underwent hypnosis by a police investigator to see if she could recall any further details. Upon a defense motion, the court held a hearing to determine the admissibility of her testimony (see *People v Hughes*, 59 NY2d 523, 546-547 [1983]). At that

hearing, the People were required to show by clear and convincing evidence that there was no substantial impairment of defendant's ability to meaningfully cross-examine the witness (*see People v Tunstall*, 63 NY2d 1, 8-9 [1984]; *People v Hughes, supra* at 546-547). Here, the hypnosis session lasted only 45 minutes, the questioning was not suggestive and very few additional details were revealed. Although the witness did not initially remember every detail of the shooting, her prehypnotic statements to the police were clear and confident and her trial testimony mirrored her prehypnotic recollection (*see People v Tunstall, supra* at 7). As "the extent of the witness's *prehypnotic* recollections establishes the boundaries of admissible testimony" (*id.*; *see People v Hughes, supra* at 546), the court properly balanced the applicable factors (*see People v Tunstall, supra* at 9), and determined that the victim's wife could testify, but only about her prehypnotic recollections.

County Court also properly allowed the victim to show his scars to the jury. The People asked for this display to prove the element of serious physical injury, not to inflame the jury, rendering the exhibition of scars proper even if other evidence could have sufficiently proven that element (*see People v Dananel [Celestin]*, 183 AD2d 778 [1992], *lvs denied* 80 NY2d 902 [1992]; *People v Hunter*, 131 AD2d 877, 878 [1987], *lv denied* 70 NY2d 875 [1987]). This ruling was not an abuse of discretion, especially considering the court's immediate limiting instructions advising the jury of the purpose for such display (*see People v Fayette*, 239 AD2d 696, 697-698 [1997], *lv denied* 90 NY2d 904 [1997]).

Although County Court did not instruct the jury precisely according to court rules concerning juror note taking (*see* 22 NYCRR 220.10 [c]; *see also People v Hues*, 92 NY2d 413, 419-420 [1998]), that argument is unpreserved for our review because defendant did not object or request any charge on that topic (*see People v Dexheimer*, 214 AD2d 898, 902 [1995], *lv denied* 86 NY2d 872 [1995]). Contrary to defendant's argument that we must remit for clarification of his sentence, the amended order of sentence and commitment, which contains no periods of postrelease supervision, is correct.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.