FILED

04/09/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 6, 2017

## STATE OF TENNESSEE v. DANYELLE MCCULLOUGH

**Appeal from the Criminal Court for Shelby County**
**No. 14-02525       W. Mark Ward, Judge**

_____

### No. W2016-01942-CCA-R3-CD

_____

Defendant, Danyelle McCullough, was charged with one count of theft over $1,000 and one count of forgery over $1,000 in an indictment returned by the Shelby County Grand Jury. Following a jury trial, she was found guilty as charged. The trial court sentenced Defendant to concurrent sentences of four years for each count to be served in confinement. In this appeal, Defendant's sole issue is a challenge to the sufficiency of the evidence to support the convictions. After a thorough review of the record and the briefs of the parties, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Charles Edgar Waldman, Memphis, Tennessee, for the appellant, Danyelle McCullough.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Byron Winsett, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

**FACTS**

On October 2, 2008, Defendant began working as the sole employee and manager of AAA Cash Fast located at 5000 Raleigh LaGrange Road in Memphis. The store was one of three businesses owned by Gordon Ballinger that provided both check advance loans and automobile title loans to customers at each store. An employee from one of Mr. Ballinger's other store locations would occasionally fill in for Defendant. Mr.

Ballinger testified in detail concerning the intricacies of his businesses and how the company would "charge off" any loan that was not paid back or rewritten within 31 days of the due date. Mr. Ballinger testified that he kept close track of the "charge off" rates at each store, and he awarded bonuses to employees at stores who kept that rate below ten percent. He took corrective action when a store consistently exceeded a charge off rate of ten percent.

Mr. Ballinger testified that before Defendant became the manger of the Raleigh LaGrange store, the charge off rate sometimes rose to between eleven and twelve percent and then it dropped back down to less than ten percent. In July 2009, Mr. Ballinger noticed that Defendant's charge off rate at the Raleigh LaGrange store was significantly higher than the ten percent threshold. He noted that "her numbers were going up into the twenties on occasions." Mr. Ballinger testified that he had terminated previous employees for having numbers that high but because he and his wife knew Defendant they wanted to "give her the benefit of the doubt" and help her be successful. Mr. Ballinger talked with Defendant, who claimed that she was not adequately trained by manager Gloria Jones, which surprised Mr. Ballinger because "Gloria had been part of the training for everybody that we've hired in the last fifteen years." Defendant then asked to be retrained. He transferred Defendant to another store to be trained by store manager Dorothy Wilder. Mr. Ballinger testified that after Defendant left the Raleigh LaGrange store for retraining, the charge off numbers dropped to below ten percent while a clerk from another store worked there. Defendant returned as manager of the Raleigh LaGrange store on August 24, 2009. She told Mr. Ballinger that she had learned a great deal from Ms. Wilder and that Ms. Wilder had taught her about "collections."

Mr. Ballinger testified that the charge off rate at the Raleigh LaGrange store began to rise three to four weeks after Defendant returned as the manager. He did not immediately notice the increase due to several urgent situations that occurred during that time. Mr. Ballinger testified that he finally noticed the problems with Defendant's charge off rates on January 25, 2010. He noted that the rate was between seventeen and nineteen percent.

Mr. Ballinger and two other employees reviewed the files at the Raleigh LaGrange location and discovered evidence of rampant fraud and theft. Defendant refused to come in and discuss the situation with Mr. Ballinger, and she was suspended while police conducted their investigation. Mr. Ballinger noted that there were discrepancies in more than forty of the accounts at the Raleigh LaGrange location. The State presented evidence at trial concerning nine of those accounts in which Defendant falsified loan documents and pocketed money supposedly loaned to the individuals whose names were on the documents. Defendant was the only person working in the Raleigh LaGrange Store when the money was taken. The total amount taken from the nine loans was $2,580.00.

Defendant claimed that Mr. Ballinger fired her before she had an opportunity to speak with him. She denied pocketing the money or signing a check without the customer's permission. Defendant further claimed that Mr. Ballinger had authorized a mutual friend to sign loan documents and rewrite checks for him. She also said that other employees often covered for her at the Raleigh LaGrange store. However, the State presented testimony disproving Defendant's claims.

## ANALYSIS

Initially, we note the State's correct assertion in its brief that the notice of appeal in this case was not timely filed. Defendant failed to address this problem in a reply brief and did not file a motion to waive the timely filing on the notice of appeal. In a recently filed opinion with a procedurally identical issue, this court stated,

> Even though, in criminal cases, the notice of appeal is not jurisdictional and may be waived in the interest of justice, Tenn. R. App. P. 4(a), it probably should not be waived in circumstances such as this. Similar conduct, primarily due to failure to follow simple procedural rules, seems to be on the increase statewide. The bar should be put on notice that the days of routine waiver of timely filing a notice of appeal, *especially* in situations where the appellee raises the issue but the issue is ignored by the appellant, may be coming to an end.

*Gregory Nelson v. State,* No. W2016-02600-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App., Jackson, Feb. 22, 2018) (emphasis in original).

While this appeal could justifiably be dismissed because of the untimely filed notice of appeal, we will forgo this disposition and address the sole issue raised on the merits. We do this even in light of the additional problems noted below.

Furthermore, Defendant's brief in this matter is meager and almost inadequate to allow a meaningful review of the issue that she raises. Defendant's entire brief in this matter consists of two and a half pages. Rule 27(a)(6), (7) of the Tennessee Rules of Appellate Procedure states that an appellant's brief shall contain the following with respect to the statement of the facts and argument:

> (6) A statement of the facts, setting forth the facts relevant to the issues presented for review with appropriate reference to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities

and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a)(6), (7)(A)-(B). Under Rule 10(b) of the Rules of the Court of Criminal Appeals, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this Court." Defendant's statement of the facts does not contain any reference to the record nor does it contain sufficient facts relevant to the issue raised by Defendant. Additionally, Defendant's argument does not contain any references to the record or the reasons why her contentions require appellate relief.

T.C.A. § 39-14-103(a) states, "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." The aggregate value of stolen property in multiple thefts may be used to support the grade of the theft offense "when separate acts of theft are: (1) from the same owner; (2) from the same location; *and* (3) are pursuant to continuing criminal impulse or a single sustained larcenous scheme." *State v. Cattone*, 968 S.W.2d 277, 279 (Tenn. 1998) (citing *State v. Byrd*, 968 S.W.2d 290 (Tenn. 1998) (emphasis in original). A person commits forgery who forges a writing with intent to defraud or harm another. T.C.A. § 39-14-114(a). "Forge" means to:

(A) Alter, make, complete, execute or authenticate any writing so that it purports to:
    (i) Be the act of another who did not authorize that act;
    (ii) Have been executed at a time or place or in a numbered sequence other than was in fact the case; or
    (iii) Be a copy of an original when no such original existed;
(B) Make false entries in books or records;

Tenn. Code Ann. § 39-14-114(b)(1)(A)(i-iii), (B). Forgery is "punishable as theft," and the value of multiple forgeries occurring over a period of time is aggregated in the saw way as the value of multiple thefts. T.C.A. § 39-14-114(c); *State v. Jeffery Combs*, No. E2014-01175-CCA-R3-CD, 2015 WL 2400793, at *9 (Tenn. Crim. App. May 20, 2015).

The State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011) (citing *State v. Majors*, 318 S.W.3d 850, 857 (Tenn. 2010)). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977); *Farmer v. State*, 343 S.W.2d 895, 897 (Tenn. 1961)).

The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Dorantes*, 331 S.W.3d at 379 (citing *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006)). When considering the sufficiency of the evidence, this court shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id.*

Under these well established standards, the proof admitted at trial was clearly legally sufficient to sustain Defendant's convictions of one count of theft over $1,000 and one count of forgery over $1,000. T.C.A. § 39-14-103(a); T.C.A. § 39-14-114 (A)(i-iii), (B).

## CONCLUSION

After a thorough review of the record and applicable law, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE