Haywood Judge
delivered the opinion of himself and *25 Judge Emmerson — Whyte Judge gave no opinion, question to be determined in this case is, whether a plea of acquittal, or conviction, without judgment being rendered thereon, in a criminal case affecting life or limb, is a good plea in bar of a second prosecution far the same of-fence. The bill of rights in this Slate (section 10) declares, that no person shall for the same offence be twice put in jeopardy of life or limb. The prisoner ought not to be again tried, though judgment be not pronounced, if there be a verdict of not guilty upon a sufficient indictment, otherwise he might again be indicted and tried though he had the verdict of not guilty in his hand, merely because the court might not think proper to pronounce judgment upon it; and notwithstanding this clause in our bill of rights, in factious times a man for want of a judgment which the court would not pronounce, might be tried again and again, until a jury were found who would convict him. The
If the courts in England are entrusted with such power, and by not giving judgment can deprive the subject of the benefit of a verdict of not guilty, because that alone without judgment is not a sufficient plea, there is no court in this country entrusted with the same power, it being directly in opposition to our constitution 5 and therefore, whether a court delayed to render judgment or not, it is the same thing to the prisoner. The verdict of itself is an eternal protection against all other indictments for the same offence. Can any court set aside such verdict? The clause in our constitution before referred to, is a negative of such power. It has not been — it never will be done, so long as this part of our constitution remains in force. If the verdict cannot be taken from the prisoner directly, neither can it indirectly by the failure of the court to give judgment upon it. We must follow the constitution and its spirit, not the forms of English precedents. This is the more necessary in this country, because it has not been the general practice of the clerks to enter up the formal judgment of cat inde sine die upon verdicts of acquittal. What is to be done then? Shall the prisoner *26 the judgment, and will the court understand that the entry actually made was the same as a judgment of eat inde sine die; or will the court say that the entry actually made is not the same as eat inde sine die &c. and suffer the prisoner to be tried again upon the same charge? Surely not the latter! We shall be obliged to adopt the former course if a judgment must be pleaded. In any point of view, then, the plea of a verdict of not guilty alone is sufficient in this State since the formation of the constitution, to bar a second indictment for the same of-fence.
The plea in this case is admitted by the demurrer, it states a good and sufficient indictment upon the former trial and acquittal by verdict upon it of the murder therein charged.
But are the English precedents as they are contended tobe? Do they require the judgment to be rendered up before the acquittal can be pleaded in bar?
With respect to an acquittal upon an insufficient indictment, what Hale says 2 Hale’s P. C. 248, professes to be founded on 4 Rep. 45, and is not supported by it. The concluding words of the report, which must be those referred to, do not relate to a former acquittal at all; and where he says ,(Ib. 243,) there must not only be an acquittal, but a judgment thereon of eat inde sine die to make a good bar, he does not refer to any precedent.
Blackstone in treating on this subject, 4 Blk. Comm. 329, forbears to cite Hale, but refers to Hawkins, which is a strong intimation that he had some objection to what Hale had stated, and then he proceeds to lay down the doctrine in broad terms, that when a man is once found not guilty, he may plead such acquittal in bar of a second indictment. This is the most rational doctrine, for otherwise the court by taking an adversare upon a verdict of acquittal, might wholly deprive the prisoner of the benefit of his verdict. Hale admits that the verdict is a warrant for entering the judgment, but the result of his doctrine is, that if the entry of the formal judgment be neglected, or refused to be entered up, the prisoner may *27 lose his life by the omission. Without doubt the court •would not suffer such a consequence, but would order the judgment to be entered nunc pro tunc, as a matter of course, and would not for a mere formal omission affect life.
When a man indicted for murder, is found not guilty of murder, but guilty of manslaughter, he never can again be indicted for murder foi the same offence, if the first indictment were a good one. The former acquittal will be a bar, no matter what became of the conviction of manslaughter. For if he could be tried upon a second indictment of murder, he might upon such second trial be found guilty of murder. And shall he be forced to incur that risk, in order to see whether he be guilty of manslaughter or not? If he could be indicted at all it can only be by an indictment of manslaughter, and not by an indictment of murder, 2 Hale P. C. 246. The acquittal, if not a bar to an indictment of manslaughter would certainly be so to an indictment for murder. And if nota bar to an indictment of manslaughter, the prisoner would be driven to rely on his former conviction of manslaughter. All that is now said, is said in reference to an acquittal upon a good indictment, taking it for granted that an acquittal upon a bad one, would not be a bar.
It may not be amiss here to say something with respect to the conviction of manslaughter. What Hale says on this point, 2 Hale’s P. Cr. 248, is not warranted by the concluding part of Vaux’s case, for that only says, “a man who is convicted either by verdict, or confession upon an insufficient indictment, and no judgment thereon given, may be again indicted &c. In Hale it is stated that a former conviction is no plea unless judgment be given upon it, not confining this position to insufficient indictments, as he seems to do at page 251. In the case of an insufficient indictment,it is true,if there be only a conviction, that it will not be a bar to a second indictment, which is a sufficient one, though if judgment were given it would be a bar if clergy were allowed — therefore, to be a bar the plea must state such judgment. In 4 Reports *28 45, the court only had in view the case of an insuffi-» cient indictment and conviction upon it without judgment, It does not in the least contradict 4 Blk. Com, 330, which treats of a conviction upon a good indictment, and held it to be a bar, whether judgment be given upon it or not. The conviction pleaded in the present case, is one upon a good indictment, and is not to be upturned by authorities which relate to a conviction upon a bad one.
But it is said a person may be indicted for murder, and he found not guilty of the murder, but guilty of manslaughter; and might be erroneously discharged by the court, by arresting the judgment upon the ground of insufficiency in thcindictment, in which case the grounds or reasons of the discharge would not appear on the statement of a conviction only. The plea must state or set out the first indictment, from which the court can tell whether it is a good one or not; and the judgment of the circuit court in arresting the judgment upon the conviction, it is conceived, would remain in force until reversed, 2 H. P. Cr. 247. But still both indictments being sufficient, he was in jeopardy upon the first. For if the court upon the plea of a former conviction, look into the indictment pleaded, and see that it is bad, and consequently the plea also, they may at the same time equally see that the indictment is good, if it really be so, and pught to be declared so, though the court which gave the judgment upon the conviction thought otherwise. And if good, it follows, that he cannot be tried upon the second; for the first judgment of arrest may be reversed upon error, and judgment be pronounced upon the conviction, in which case he would be liable to be punished twice for the same offence. Again, suppose the prisoner brought to trial upon the second indictment and convicted: if the court are bound to say the first indictment was bad, because the former court had said so, would not the second indictment, conceived in the same words be bad also? And being bad, would not the court be bound to give the same judgment, precisely that the former court gave? *29 In which event all the proceedings upon the second dictment must necessarily be void, and the court ought not to proceed upon it. Then it follows, that whether the judgment be arrested or not, upon the first verdict of conviction, if the indictment was good, the consequence is the same in law, and of course, pleading the judgment is immaterial, and is necessary in no case of a conviction upon a good indictment.
Suppose the first judgment of discharge be afterwards reversed for error, must not the reversing court proceed to give such judgment as the court below ought to have given, and call the defendant to judgment again? And if called, can he plead the proceedings in the latter indictment, in bar of any other proceeding on the first? These considerations, but imperfectly dwelt upon, will make it apparent, that judgment arrested upon a good indictment will not make the prisoner liable to a second indictment, any more than he would be after a conviction only; and therefore, that it cannot be material to state it in a plea in bar, since the statement or the omission will lead to the same termination precisely.
In civil cases, the general rule, as staled at the bar, is certainly correct, that there must be judgment on the verdict, to authorize it to be pleaded in bar. (Buller’s N. P. 234; 3 East, 351; Willes’ Rep. 368. But the reason of the rule wholly fails, when applied to criminal causes.(a)

 In the case of the people vs. Casborus, (13 John. Rep. 351,) the question arose, whether a defendant who had been indicted and convicted, but upon which conviction the judgment had been arrested, could be indicted again for the same offence. The court decided that he could, although in that case, the first indictment and the second were in every respect similar. The court says, “it must be intended legally, that the first indictment was vicious: for the judgment cannot he reversed upon a writ of error, as an arrest of judgment is a mere refusal on the part of the court to give judgment. Every court is hound to pay that respect to a court of co-ordinate jurisdiction, as to presume its judgment to'be according to law, when it is presented tor consideration collaterally.” In another part *30 of the opinion, the court says, “it appears to me, that as no writ of error! could be brought upon the decision of the court arresting the judgment, that proceeding is not a bar to any other for the same matter.”
The court again says, “that the first indictment was erroneous, and if erroneous, then a conviction would not bar another good indictment — that we must take it as a settled point, that the other indictment was bad, however the fact may be.”
From the reasoning of the court in the above case, it would seem that the court were of opinion, that a conviction on a good indictment, without the judgment, would be a bar; and that as no writ of error would lie from the judgment of the court in arresting the judgment, that they were bound, contrary to the fact, to presume that the first indictment was vicious.
From what is said in this case, and the admission in it, that the first indictment must be bad to authorize a second for the same of-fence, it is eyident that the decision would have been different, if a writ of error could have been prosecuted from the judgment of the court refusing to enter judgment upon the verdict: for then the decision could have been reversed; and if the-indictment were good, and the judgment improperly arrested, it would in all probability have been reversed. Under such circumstances, to have authorized the proceeding upon the second indictment, would have subjected the defendant to the danger of being twice punished for the same offence, for after conviction and punishment upon the second, the first might have been reversed, and the defendant, without executive interference, be again punished. But as by the law of New York, the judgment of arrest was absolutely conclusive, no writ of error lying from it, any other court before whom a second indictment upon the same charge was pending, was bound to consider the indictment as vicious, whatever its own opinion may have been as to the fact.
In this State, the practice is settled, that a writ of error will lie in such a case. Consequently, the judgment of the court arresting the judgment, is not conclusive, where it is subsequently pleaded, as it is subject to be reversed. Hence it is necessary upon the second indictment, to look into the first, and see whether it is really a good one or not. If it is, it is certainly a bar — if it is not, it is as certainly not a bar. It is therefore conceived, that in point of principle, the above case of the People vs. Casborus, does not conflict with the decision in this case, but in fact, from its reasoning sustains it.