JOSEPH BLAINE KING, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

391 S.W.2d 637.

(*Knoxville,* September Term, 1964.)

(May Session, 1965.)

Opinion filed June 2, 1965.

Charles C. Guinn, Etowah, for plaintiff in error.

George F. McCanless, Attorney General, Thomas E. Fox, Assistant Attorney General, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

The plaintiff in error, Joseph Blaine King, hereinafter referred to as defendant, was convicted of assault with intent to commit voluntary manslaughter and sentenced to serve not less than one year and not more than one year and one day in the State Penitentiary. He has duly appealed to this Court and has filed numerous assignments of error.

We shall first consider assignment of error number three, by which the defendant contends he was placed in double jeopardy upon the trial from which this appeal was perfected because he was then placed on trial for assault with intent to commit murder in the first degree, of which offense he theretofore had been acquitted.

The record shows that on March 16, 1964, the defendant was indicted for assault with intent to commit murder in the first degree. On July 20, 1964, he was tried on this indictment and found guilty of assault with intent to commit murder in the second degree. His punishment on that trial was fixed at confinement in the County Jail for 11 months and 29 days and that he pay a fine of $250.00. On July 23, 1964, the Trial Judge, on his own motion, granted the defendant a new trial. Thereafter, on November 17, 1964, the defendant was put on trial for the offense of assault with intent to commit murder in the first degree, under this same indictment, and was convicted of assault with intent to commit voluntary manslaughter.

The record leaves no doubt that the defendant was, in fact, placed on trial for the greater offense of assault with intent to commit murder in the first degree. The Trial Judge, in his charge, read to the jury the indictment charging the defendant with assault with intent to commit murder in the first degree and fully charged to the jury the elements of that offense, as well as the punishment prescribed by T.C.A. sec. 39-604. The Court, of course, charged the jury the law of the lesser included offenses. At no point did the Trial Judge advise the jury that on a former trial the defendant had been acquitted of the greater charge of assault with intent to commit murder in the first degree.

■ In many States it is held that a verdict of guilty of a lesser included offense on an indictment charging a more serious crime is an acquittal of all grades of the offense above that of which the defendant was found guilty. Authorities from many States are collected in 61 A.L.R.2d 1141. Since 1957, with the decision of *Green*

*v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, this has become the rule in the Federal Courts. This rule has obtained in Tennessee from the beginning of our jurisprudence, *State v. Norvell,* 10 Tenn. 24, to the present time, *Saunders v. State,* 208 Tenn. 347, 345 S.W.2d 899.

The brief filed by the State admits it was error to try the defendant on the second trial for the offense of assault with intent to commit murder in the first degree after he had been acquitted of that offense by the jury on the first trial. The State urges, however, that, since the defendant on the second trial was not found guilty of the greater offense, this constituted harmless error. In support of this position, the State relies upon *Slaughter v. State,* 25 Tenn. 410, and *Raine v. State,* 143 Tenn. 168. 226, S.W. 189.

In Slaughter, the defendant was indicted and tried for murder in the first degree. On his plea of not guilty, he was found guilty of voluntary manslaughter. His motion for a new trial was granted and he was again tried for murder in the first degree and found guilty of voluntary manslaughter. He appealed from this second conviction on the technical record only. In Slaughter, the Court stated:

"The question is now presented whether the court erred in putting the defendant on his trial a second time upon this indictment. There is no bill of exceptions, and the record does not state whether the court directed the jury to confine enquiry to the question of manslaughter. If he were tried for murder, it was erroneous, and, had he been convicted for that offence, the court would certainly have reversed the judgment.

* * * From the verdict, as it is recorded, it is to be inferred that the defendant was tried for manslaughter only. The jury say the defendant is guilty of manslaughter, and say nothing as to the murder, thereby indicating that they were instructed to regard the question of murder as settled by the former verdict. But, if the record made it appear that the defendant was erroneously tried a second time for the murder, such erroneous proceedings wrought no injury to him; he is found guilty of manslaughter only, and is in no worse situation than if he had been put on his trial for that offence alone." 25 Tenn. at 414.

The Court, at the conclusion of its opinion in Slaughter, further stated:

"The order granting a new trial may have the effect of setting aside the entire verdict; but as the verdict of acquittal of the murder protected the defendant, by the Constitution, from any subsequent trial for that offence, the court at the subsequent trial, having the whole record before him, was bound to see that he was protected and to regard so much of the order setting aside the verdict as a nullity, and so to try him for manslaughter only, *which we must presume was done.*" (Emphasis supplied) 25 Tenn. at 415.

Since there was no bill of exceptions in Slaughter, the charge of the Trial Judge on the second trial of that case was not before this Court. The Court concluded its opinion by applying the well settled rule that since the charge was not included in the record the Court would presume the charge was correct and would presume that the Trial Court instructed the jury they could consider no degree of homicide greater than voluntary manslaughter.

In Tennessee the prohibition against double jeopardy is contained in Article 1, Section 10, of our Constitution. It provides, ''That no person shall, for the same offence, be twice put in jeopardy of life or limb.''

In discussing the meaning of this constitutional provision, the Court, in *Holt v. State,* 160 Tenn. 366, 24 S.W. 2d 886, stated:

''The right not to be put in jeopardy a second time for the same offense is as important as the right of trial by jury, and is guarded with as much care.

''* * * Jeopardy signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when duly put to trial before a court of competent jurisdiction. 8 R.C.L. p. 133. The rule is designed to *protect* the individual, obnoxious to the government, *from successive harassing prosecutions for a single offense.* It might properly be called a rule designed to encourage repose and peace.'' (Emphasis supplied) 160 Tenn. at 371, 372, 24 S.W.2d at 887.

■■■■ Jeopardy attaches when one is put to trial on a valid indictment before a court of competent jurisdiction and the jury is sworn to try the issue and make deliverance. The protection afforded by this provision of our Constitution is not merely protection from punishment for an offense of which the defendant has been once acquitted, but protection from ''successive harassing prosecutions for a single offense.'' Therefore, the constitutional right of the defendant not to be twice put in jeopardy was invaded when the defendant was put on trial for the offense of which he had been previously acquitted regardless of whether or not he was convicted of that offense.

■ That the Harmless Error Statute is not applicable to a situation where there has been an invasion of a constitutional right was stated by the Court in *Church v. State,* 206 Tenn. 336, 356, 333 S.W.2d 799, 808, as follows:

"It is argued by the State that the charge of the court herein complained of was harmless error, and that effect should be given Section 27-117, T.C.A. We are not in agreement with this insistence, as it would be an invasion of a constitutional right of the defendant, in view of all of the facts and circumstances involved."

Our investigation has disclosed that *Slaughter v. State,* supra, has been cited with approval by a number of courts for the proposition that the conviction of the lesser offense constitutes an acquittal of the greater offense charged in the indictment. One of these cases is *State v. Dennison,* 31 La.Ann. 847. In that case the defendant was indicted for murder, was tried and found guilty of manslaughter. On appeal the conviction was set aside and the cause remanded. Thereafter, the defendant was again put on trial for murder and again found guilty of manslaughter. In reversing this second conviction, the Louisiana Court stated:

"This being the case, there was error in ruling the prisoner to trial on the charge of murder, and, although he was only convicted of manslaughter, the erroneous ruling may have been seriously to his prejudice." 31 La.Ann. 849.

Another case citing Slaughter is *State v. Tweedy,* 11 Iowa 350. There the defendant, on trial for murder in the second degree, was found guilty of manslaughter. A new trial was granted and upon second trial for murder in

the second degree the defendant was found guilty of manslaughter. In reversing this second conviction, the Court, in Tweedy, stated:

"Nor can we agree with counsel for the State in the position that as the conviction was for manslaughter on the second trial, there was therefore no prejudice to the prisoner in refusing the instruction asked. * * * The right of every person charged with crime to an impartial trial, in our opinion, would be very much infringed upon, if he could be tried at the same time, before the same jury, for an offense of which he had been acquitted. In the case before us, for instance, the judge charged the jury very fully and ably upon the law governing the offense of murder in the second degree, as also of manslaughter. All this was before the jury, for their consideration and discussion on the testimony submitted; and the reasonable and necessary effect of it, as it seems to us, must have been to confuse and mislead them and prejudice the defendant's cause." 11 Iowa at 357, 358.

Slaughter is also cited in *State v. Ross*, 29 Mo. 32. There the defendant was indicted for murder in the first degree and was convicted of murder in the second degree. On appeal the judgment was reversed. He was again tried for murder in the first degree and found guilty of murder in the second degree. In reversing this second conviction, the Court stated:

"Our conclusion then, on this point is that the effect of the first verdict being an acquittal of the appellant of murder in the first degree, he could not legally have been put upon his trial again on that charge upon the reversal of the judgment, and all instructions given

upon the hypothesis of murder in the first degree, of course, were improper.'' 29 Mo. at 48.

The proper practice to be followed in Tennessee when a defendant is retried after having been acquitted of a greater offense, or offenses, included in the indictment is set forth in *Goaler v. State,* 64 Tenn. 678, and *Reagan v. State,* 155 Tenn. 397, 293 S.W. 755. In Reagan, the Court stated the following:

''In the first paragraph of the charge the court told the jury that the plaintiff in error had heretofore been tried and acquitted of all grades of felonious homicide except involuntary manslaughter, and that he was now on trial charged only with involuntary manslaughter.

''The court stated to the jury that there were four distinct felonies embraced in the indictment for murder, and said:

'' 'I shall now proceed to explain to you what in law it takes to constitute each of these different offenses, so that you may the better understand the offense of involuntary manslaughter.'

''Error is assigned to the action of the court in charging on the higher grade of homicide, conspiracy, and aiding and abetting.

''We think this was proper, in view of what we have heretofore, said, and are unable to see how it could have misled the jury.'' 155 Tenn. at 401, 402, 293 S.W. at 756.

In *Raine v. State,* 143 Tenn. 168, 226 S.W. 189, which is relied upon by the State, the defendant was indicted in a three count indictment for embezzlement, fraudulent breach of trust, and statutory larceny. He was acquitted of the charges of embezzlement and statutory larceny,

and found guilty of fraudulent breach of trust. The defendant there had filed a motion to quash the indictment, which was overruled by the Trial Judge. The Court held that, since he was acquitted of the charges made in the first and third counts of the indictment, on appeal he could complain only of the action of the Trial Court in overruling the motion to quash insofar as the same affected the count of the indictment on which he was convicted. There was no question of double jeopardy or other constitutional right involved in that feature of the Raine case. It is not authority to support the contention of the State in the present case.

In the case *sub judice,* the defendant was tried a second time for the crime of assault with intent to commit murder in the first degree after having been acquitted of that offense. At no time did the Court instruct the jury that the defendant had been so previously acquitted of that offense and was not on trial for same, as was done in Reagan and Goaler. We can only conclude, in the light of the authorities reviewed above, that this constituted reversible error.

Since the case must be remanded for a new trial, it is necessary that we pass upon assignment of error number one, by which it is asserted that the Trial Judge erred in overruling defendant's motion that he recuse himself because he had tried the divorce case of the defendant's wife against the defendant and granted a decree of divorce upon matters involved in the present case. The wife was the victim of the alleged attempted homicide.

That a Judge is in no way disqualified because he tried and made certain findings in previous litigation is clearly stated in 30A Am.Jur., Judges sec. 186, pp. 95, 96, as follows:

"As a general rule, a judge is not disqualified to sit in the trial of one accused of crime merely because previously thereto he has participated in other legal proceedings against the same person. A judge is not disqualified merely because he has previously presided at the trial of a case involving the same evidence and transaction. Thus, a judge is not disqualified to sit in a criminal case because he has recently sat at the trial of another cause growing out of the same state of facts, which resulted in a conviction."

■ If the contention of the defendant were correct, any Judge who had once tried a case would be disqualified to try that case again upon remand after a reversal. Nothing in Article 6, Section 11, of our Constitution operates to disqualify a Judge under the situation existing in the present case. Assignment of error number one is overruled.

By assignment of error number two it is insisted that the Trial Judge erred in overruling the defendant's motion to quash the indictment because the former wife of the defendant, who appears as prosecutor, "is an incompetent prosecutor" and has requested the District Attorney General to press no charges against her husband.

T.C.A. sec. 40-1704 provides that no District Attorney shall prefer a bill of indictment to the Grand Jury without a prosecutor marked thereon, unless otherwise expressly provided by law. By the terms of T.C.A. sec. 40-1705(9), a prosecutor is dispensed with "Upon an order of the circuit or criminal court to file an indictment, officially, which may be made when it appears to the court that an indictable offense has been committed, and that no one will be prosecutor."

Prior to a retrial of this case, no doubt a new record will be made if the validity of the indictment is questioned before such trial.

Because of the conclusions reached by us in passing upon assignment of error number three, it is unnecessary to discuss the other assignments. The judgment is reversed and the cause is remanded for a new trial in conformity with the holding of this Court.