### STATE of Tennessee, Appellant,

v.

### Billy R. ADKINS, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

March 3, 1981.

**148**

the motorist violate an ordinance or statute in addition to the statute prohibiting drunken driving.

This was a bench trial. Two police officers testified that while they were on patrol, a passing motorist stopped them and, pointing to the defendant's automobile, told them that the defendant had just passed him in an erratic manner and had forced him off the road and that the defendant "had almost caused two accidents." The officers followed the defendant and observed that he was going very slowly—25 miles per hour in a 45-mile speed zone at 8:00 P.M. They testified that very slow driving is characteristic of an intoxicated driver. After they stopped the defendant, it was determined that he was in a high state of intoxication. They then arrested him for driving while intoxicated.

Although the defendant had been apprised of the State's evidence at a preliminary hearing, he filed no pre-trial motion to suppress the officer's testimony as required by Rule 12(b)(3), Tenn.R.Crim.P. Further, no objection was made to the evidence given by the officers that they observed the defendant operating the automobile and that he was intoxicated.

The defendant made a "Motion to Dismiss" at the conclusion of the State's proof on the ground that the warrantless arrest was for a misdemeanor not committed in the presence of the officer. The gist of the defendant's argument was that the officers should have waited until the defendant made another traffic violation in their sight before stopping him.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., James F. Walsh, Jr., Asst. Dist. Atty. Gen., Nashville, for appellant.

Larry H. Snedeker, Nashville, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by the State, made by permission under Rule 9, T.R.A.P. The defendant, Billy R. Adkins, was indicted for driving while intoxicated; and the trial judge entered a judgment at the conclusion of the State's proof dismissing the case. It is from this judgment that the State has appealed.

Two issues are presented for review. The State complains that Rule 12(b)(3), requiring motions to suppress to be made prior to trial, was not followed. The second issue is whether the trial judge erred in holding that a police officer, who has reasonable ground to believe that a motorist is intoxicated, may detain the motorist for investigation when the officer does not see

The trial judge treated the defendant's "Motion to Dismiss" as a Motion to Suppress the State's evidence, accepted the defendant's theory, and dismissed the case.* In dismissing the case, the trial judge relied on *St. John v. State*, 491 S.W.2d 629 (Tenn.Cr.App.1972), which held that a warrantless arrest for reckless driving made by an officer when the automobile was stopped at a motel, on hearsay infor-

* The judgment entered by the trial court recited that it was on motion of the District Attorney General; however, the transcript leaves no

doubt that the case was actually dismissed on motion of the defendant. The District Attorney General made no such motion.

mation, was not authorized by T.C.A. § 40–803. The trial judge did not consider that driving while intoxicated is a continuing offense; whereas, reckless driving is not.

■ The State is correct in its contention that the trial judge erred in not treating the failure to file a pre-trial motion to suppress as a waiver of any right of the defendant to object to the police officers' testimony. *Feagins v. State*, 596 S.W.2d 108 (Tenn.Cr.App.1979). Regrettably, the trial court's error in ignoring Rule 12 renders moot the questions of whether the detention and arrest was lawful and the evidence of the defendant's intoxication was admissible. In the *Feagins* case, *supra*, the court stated:

> "Further, the consideration of a motion to suppress after the beginning of the trial can adversely affect the State's right to appeal an adverse ruling. When a pre-trial judgment is adverse to the State, the State's right to appeal is preserved. *State v. Johnson*, 569 S.W.2d 808, 811 (Tenn.1978); *State v. McCormick*, 584 S.W.2d 821, 824 (Tenn.Cr.App.1979); Rules 9 and 10, Tenn. Rules App.Pro. Jeopardy attaches when a jury is sworn. *Bell v. State*, 220 Tenn. 685, 423 S.W.2d 482, 485 (1968); *King v. State*, 216 Tenn. 215, 391 S.W.2d 637, 640 (1965). This prevents an appeal by the State from a judgment suppressing evidence rendered after the beginning of a trial. Rule 12(e) expressly places a duty on a trial judge to determine the merits of a motion before trial." 596 S.W.2d at 110.

■ There can be no doubt that jeopardy had attached before the trial judge dismissed the case. In a non-jury case, jeopardy attaches upon the swearing of the first witness. *State v. Daniels*, 531 S.W.2d 795, 801 (Tenn.Cr.App.1975). For this reason, a retrial of the case would place the defendant twice in jeopardy in violation of Article I, Section 10, Constitution of Tennessee and the Fifth Amendment to the Constitution of the United States.

We must affirm the judgment of the trial court.

WALKER, P.J., and DAUGHERTY, J., concur.