IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## LESTER JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sevier County**
**No. 2000-404      O. Duane Slone, Judge**

**No. E2001-00019-CCA-R3-PC**
**July 11, 2002**

The petitioner, Lester Johnson, appeals the trial court's denial of his petition for post-conviction relief. In this appeal, the petitioner contends (1) that he was denied the effective assistance of counsel and (2) that the trial judge who presided over the revocation hearing was not impartial. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Julie Waroway, Sevierville, Tennessee (at trial), and Robert M. Burts, Rutledge, Tennessee (on appeal), for the appellant, Lester Johnson.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Charles E. Atchley, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 7, 1999, the petitioner, Lester Johnson, who had been previously declared a Motor Vehicle Habitual Offender, entered a plea of guilt to driving in violation of Tennessee Code Annotated § 55-10-616, a Class E felony. The trial judge imposed a sentence of two years and, after a 30-day jail term, granted supervised probation.[1] Officers claimed that they found marijuana in the petitioner's shoe when he reported to jail to begin service of his sentence. The petitioner was charged with introducing contraband into a penal facility. A probation violation warrant based upon the contraband charge and a failed drug screen issued in March 2000. At the probation revocation hearing, the petitioner, who had entered a not guilty plea to the contraband charge, conceded that he had violated the terms of his probation by failing the drug screen. The trial judge revoked the

---

[1]We note that the only time the trial court may suspend the sentence of an individual convicted of a violation of § 55-10-616 is upon the finding of an emergency. Tenn. Code Ann. § 55-10-616(c).

petitioner's probation. The petitioner did not appeal the revocation order, but instead filed a post-conviction petition claiming that the Honorable Rex Henry Ogle, the trial judge who accepted his plea of guilt in 1999 and revoked his probation, was not impartial. The petitioner also complained that he had been deprived the effective assistance of counsel at his probation revocation hearing.

Approximately one year later, the Honorable O. Duane Slone conducted an evidentiary hearing on the post-conviction petition. The petitioner testified that Judge Ogle, who had been a high school classmate, made improper statements at the revocation hearing. He claimed that because he had hired and then terminated Judge Ogle as his attorney some years earlier while Judge Ogle was still engaged in the practice of law, he was not impartial. The petitioner also testified that his defense counsel at the revocation hearing, Dennis Campbell, had been ineffective for several reasons. According to the petitioner, Attorney Campbell met with him for only 15 minutes prior to the hearing, failed to adequately investigate the case, and incorrectly predicted that the trial judge would "give [him] a slap on the wrist, maybe give [him] a verbal reprimand, and give [him] some more stringent or strict probation rules to abide by." The petitioner admitted that he had "a dirty urine sample" while on probation but had informed his counsel that he did not intend to plead guilty to the charge of introducing contraband into a penal facility.

It was stipulated that the petitioner's wife, if present at the hearing, would have testified that she had unsuccessfully attempted to contact defense counsel to arrange a meeting with the petitioner.

Defense counsel, an assistant public defender at the time he represented the petitioner at the revocation hearing, testified that he had been involved in numerous probation violation cases since being licensed as an attorney in 1989. He recalled that the petitioner, who had never before complained about the lack of impartiality on the part of the trial judge, admitted failing a drug screen, which was required at regular intervals by the terms of his probation. Defense counsel stated that he had explored an agreement with the state, which might have resolved both the probation violation charge and the introduction of contraband charge, and denied having informed the petitioner that he would receive only "a slap on the wrist." Defense counsel acknowledged that he anticipated that the petitioner would likely receive jail time for a period of months rather than a prison term as a result of the violation. He stated that the petitioner had never expressed any dissatisfaction with his performance prior to filing the post-conviction petition.

At the conclusion of the post-conviction hearing, Judge Slone determined that the petitioner had, in fact, admitted a violation of the term of his probation which prohibited the use of illegal drugs. Judge Slone also concluded that the violation of probation was based entirely upon the failed drug screen and determined that defense counsel's strategy to seek mercy by displaying honesty through the candid acknowledgment of the defendant's having failed a drug screen was a sound tactical decision. Judge Slone found that the petitioner, who had appeared before Judge Ogle at other times on several other charges, was treated fairly under all of the circumstances. He determined that the petitioner had not established any bias or prejudice on the part of Judge Ogle and denied relief based upon a failure to meet the burden of proof.

## I

The state asserts that because the petitioner failed to file a timely notice of appeal, the appeal should be dismissed. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that a notice of appeal should be filed within 30 days after the entry of judgment. In criminal cases, a notice of appeal is not jurisdictional and may, according to the rule, "be waived in the interest of justice." Tenn. R. App. P. 4(a).

The trial court conducted the hearing and rendered its decision on March 19, 2001. While the judgment was dated March 19, 2001, it was not entered until March 29, 2001. The record establishes that the petitioner had prepared a notice of appeal dated March 19, 2001, which was actually filed one day later, just after the hearing but some nine days before the entry of judgment. The petitioner then filed a document styled "Amended Petition to Appeal as of Right Notice of Review" on June 25, 2001. The state attacks the June 25 filing as untimely.

Initially, we note that the notice of appeal in this case was filed too early rather than too late. A prematurely filed notice of appeal does not bar an appeal to this court. Tennessee Rule of Appellate Procedure 4 provides that a premature notice should "be treated as filed after the entry of the judgment . . . and on the day thereof." Tenn. R. App. P. 4(d). Thus, the notice of appeal filed in this case must be treated as timely filed. Moreover, in State v. Scales, 767 S.W.2d 157, 158 (Tenn. 1989), our supreme court determined that in regard to the application of Rule 4, post-conviction proceedings are criminal in nature, and notice of appeal may be waived "in the interest of justice" as in other criminal cases. Thus, even if the notice had been untimely filed, this court would have likely considered the merits of the appeal in the interest of justice.

## II

The petitioner argues that Judge Ogle was not impartial. At the revocation hearing, the assistant district attorney general announced that the petitioner had one "dirty drug screen [while] on his probation." After the petitioner admitted failing a drug screen, the trial court ruled as follows:

> Mr. Johnson, based upon the fact that you've previously been violated by this and other courts on numerous occasions; that you continue to pick up charges while on probation and you continue to take drugs and show up on dirty drug screens, the [c]ourt's going to order the sentence executed.
>
> Mr. Johnson has been given every opportunity by every judge on the face of the earth to stop his drug problem; to stay employed; to do what he says he was going to do, and Mr. Johnson, you've not done it. Every time I turn around, you're setting in court here on something.
>
> Now, I like you, I don't have a thing against you, but there's nothing else I can do for you. And so you're going to jail and you'll serve this sentence until you are released.

At the conclusion of the imposition of sentence, the petitioner asserted that "there's a question" about the introduction of contraband charge. The petitioner explained, "I didn't plead guilty to that; I pled guilty to this dirty urine test." He argued that the contraband "was not found [until] twenty-six hours after [he] was [incarcerated]." After the statement, Judge Ogle confirmed that the sentence, as originally imposed, should be served by the petitioner.

Had the petitioner appealed the revocation order, that would have been an appropriate issue to have presented to this court. He did not. That the petitioner did not appeal the order of revocation operates as a waiver of this issue in a post-conviction proceeding. See Tenn. Code Ann. § 40-30-206(g); House v. State, 911 S.W.2d 705, 714 (Tenn. 1995). Further, at the post-conviction hearing, Judge Slone found that the petitioner had been unable to establish any bias on the part of Judge Ogle. The findings of fact made by the post-conviction court are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). Also, questions of credibility of witnesses and the weight and value of their testimony should be resolved by the trier of fact. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Disqualification is not required merely because a trial judge presided in prior proceedings involving the same litigant. See King v. State, 216 Tenn. 215, 391 S.W.2d 637, 642 (Tenn. 1965). In our view, the evidence does not preponderate against Judge Slone's finding that the petitioner failed to establish a lack of impartiality on the part of Judge Ogle.

III

The state argues that the Post-Conviction Procedure Act does not afford a remedy to those deprived of the effective assistance of counsel at a probation revocation hearing. See Tenn. Code Ann. § 40-30-201. The state points out that the act allowing post-conviction relief is limited and that relief "shall be granted [only] when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-203. The state contends that a revocation of probation is not "a conviction or sentence" within the meaning of the statute and submits that when probation is granted, a specific sentence has been imposed but execution of all or part of the sentence has been suspended. A revocation proceeding, the state asserts, simply affords the trial court the opportunity to require execution of a sentence already imposed.

In Massey v. State, 929 S.W.2d 399 (Tenn. Crim. App. 1996), this court considered the merits of a post-conviction attack based upon allegations of the ineffective assistance of counsel and other constitutional errors committed at a probation revocation proceeding. As the state concedes, there are also several unreported opinions from this court which considered post-conviction claims based upon alleged constitutional errors at probation revocation proceedings. See State v. Samuel K. Robinson, No. M1999-00559-CCA-MR3-PC (Tenn. Crim. App., at Nashville, July 25, 2001); Richard Janek v. Charles Jones, Warden, et al., No. 01C01-9609-CC-00390 (Tenn. Crim. App., at Nashville, Sept. 18, 1997); Richard Kizer v. State, No. 01C01-9503-CC-00071 (Tenn. Crim. App.,

-4-

at Nashville, Dec. 6, 1995).[2] None of these cases, however, addressed the question of whether an attack under the Post-Conviction Procedure Act was authorized.

The state also submits that because the petitioner was not entitled under the Sixth Amendment to the United States Constitution to counsel at the probation revocation proceeding, he could not have been deprived of the effective assistance of counsel. See Gagnon v. Scarpelli, 411 U.S. 778, 789-90 (1973). For comparison, the state points out that in post-conviction proceedings, where there is a statutory but not constitutional right to counsel, there is no right to the effective assistance of counsel. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); House v. State, 911 S.W.2d at 712.

In Gagnon v. Scarpelli, the United States Supreme Court reaffirmed its holding in Morrissey v. Brewer, 408 U.S. 471 (1972), and ruled that due process required preliminary (or probable cause) and final (more comprehensive such as to allow for a decision) revocation hearings. Morrissey provided that at the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing. Morrisey 408 U.S. at 487. The probationer or parolee is entitled to similar benefits at the final hearing. Id. at 489. Utilizing Morrissey as the basis of the decision, the Supreme Court in Gagnon determined that "the decision as to the need for counsel must be made on a case-by-case basis and the exercise of a sound discretion by the state authority charged with the responsibility for administering the probation and parole system." Gagnon, 411 U.S. at 790. The Court held that while "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness–the touch stone of due process–will require that the state provide at its expense counsel for indigent probationers or parolees." Id. Finally, the Court stated that "considerable discretion must be allowed the responsible agency in making the decision." Id.

In this instance, the petitioner admitted that he had failed a drug screen, thereby acknowledging a violation of the terms of his probation precluding the use of illegal drugs. He has been unable to establish any particular deficiency on the part of his trial counsel and, more importantly, has been unable to establish how any failure in performance adversely affected the results of the revocation hearing. Because the petitioner denied taking marijuana into the jail, arguably the more serious of the two charges, it appears that the trial court may have had a basis under the Gagnon v. Scarpelli rationale to appoint counsel. Because the petitioner received the effective assistance of counsel and the state prevails on the merits of the claim, it is unnecessary for

---

[2] In Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971), this court determined that alleged constitutional violations arising from a parole revocation hearing were not cognizable in a post-conviction proceeding, holding that "it is incontestable that the action of the State Board of Probation and Paroles in revoking a prisoner's parole has nothing whatever to do with his original conviction and sentence." See also Scalf v. State, No. 899 (Tenn. Crim. App., at Knoxville, July 11, 1990) (parole board's rulings are not within the contemplation of "judgment and sentence" language of post-conviction statute.

this court to determine whether the petitioner was statutorily barred from making a post-conviction claim.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE