# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ROGER DALE HARRIS v. DAVID SEXTON, WARDEN AND STATE OF TENNESSEE

### Appeal from the Criminal Court for Johnson County
### No. 58970    Lynn W. Brown, Judge

### No. E2011-01775-CCA-R3-HC - Filed February 28, 2012

The Petitioner, Roger Dale Harris, appeals the Johnson County Criminal Court's denial of his petition for habeas corpus relief from his 1991 conviction for first degree murder and resulting sentence of life imprisonment. He contends that the conviction is void because of a defective indictment and that the trial judge should have recused himself. The State has moved this court to affirm the trial court's denial of relief by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The State's motion for a memorandum opinion is granted, and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Roger Dale Harris, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of first degree murder in 1991, and the conviction was affirmed on appeal. See State v. Roger Dale Harris, No. 03C01-9201-CR-19, Unicoi County (Tenn. Crim. App. Jul. 23, 1992), perm. app. denied (Tenn. Feb. 3, 2003). The Petitioner sought post-conviction relief, which was denied. See Roger Harris v. State, E2001-00782-CCA-R3-PC, Unicoi County, slip op. at 9 (Tenn. Crim. App. Sept. 22, 2003), perm. app. denied (Tenn. Jan. 26, 2004).

The Petitioner filed a petition seeking habeas corpus relief and contended that his conviction was void because he was only charged with second degree murder but convicted of first degree murder. He also moved for the recusal of the trial judge and other judges in the district, stating he felt "certain that nary Judge of the district could be neutral and unbiased in the matter." Without ruling on the recusal motion, the trial court dismissed the petition concluding that nothing alleged would support a finding of a void conviction.

On appeal, the Petitioner contends that he was entitled to the trial judge's recusal and that his indictment was void because it failed to allege that the killing was "intentional." The State does not respond to the recusal contention but argues that the indictment sufficiently alleged first degree murder.

Regarding recusal, the Petitioner's motion failed to state any grounds justifying recusal. In his brief, the Petitioner notes that the trial judge presided at his trial, his post-conviction case, and the present habeas corpus case. However, the fact that the same judge presided over his trial and post-conviction proceeding does not provide grounds for the judge to be recused from presiding over the habeas corpus case. See State v. Hines, 919 S.W.2d 573, 578 (Tenn. 1995) (stating a trial judge is not disqualified because he presided over a trial or made findings in a previous cause); see also King v. State, 391 S.W.2d 637, 642 (Tenn. 1965) (A "judge is not disqualified to sit in a criminal case because he . . . sat at a trial of another cause growing out of the same state of facts, which resulted in a conviction.") (citations omitted).

As for the claim that the Petitioner's indictment was defective because it did not allege an intentional killing, this court's opinion in the Petitioner's post-conviction case reflects that the indictment was amended before the trial, with the Petitioner's consent, to include the word "intentional," and thereby alleged all elements required for first degree murder. Roger Harris, slip op. at 9. Thus, the indictment was valid, and the conviction for first degree murder was valid.

The State's motion for a memorandum opinion is granted. The opinion provides no precedential value; the proceeding occurred before the trial court without a jury; the action was not a determination of guilt; the evidence does not preponderate against the trial court's findings; and no error of law is apparent on the record. See Tenn. Ct. Crim. App. R. 20(1)(a), (2). The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON , PRESIDING JUDGE