IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 3, 2024

## MICHAEL HALLIBURTON v. BLAKE BALLIN, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-2948-20      Gina C. Higgins, Judge**

_____

### No. W2023-01285-COA-R3-CV

_____

Michael Halliburton ("Halliburton") filed a lawsuit against his former attorney, Blake Ballin ("Ballin") and Ballin's law firm, Ballin, Ballin & Fishman, P.C. ("Ballin Firm") in the Circuit Court for Shelby County ("the Trial Court"). Ballin and Ballin Firm filed a motion to dismiss Halliburton's amended complaint. The Trial Court granted the motion to dismiss, and Halliburton has appealed. Having reviewed the record and briefs in this case, we conclude that Halliburton presents an issue unreviewable by this Court and that Halliburton's appellate brief, accordingly, does not comply with Tennessee Rule of Appellate Procedure 27. We affirm the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

Michael Halliburton, Memphis, Tennessee, Pro Se.

Jeffrey E. Nicoson, Memphis, Tennessee, for the appellees, Blake Ballin, and Ballin, Ballin & Fishman, P.C.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

**Background**

Halliburton's complaint against his former counsel derives from a criminal trial that resulted in his convictions for attempted first-degree premeditated murder, two counts of aggravated assault, and one count of domestic violence. *See Halliburton v. State*, No. W2019-01458-CCA-R3-PC, 2020 WL 4727434, at *1 (Tenn. Crim. App. Aug. 13, 2020). The Court of Criminal Appeals succinctly described the procedural history that led to the present case as follows:

> [Halliburton] was convicted of attempted first-degree premeditated murder, two counts of aggravated assault, and one count of domestic assault, arising out of the vicious beating of his wife with a metal knife sharpener after she told him that she was filing for divorce. State v. Michael Halliburton, No. W2015-02157-CCA-R3-CD, 2016 WL 7102747, at *1 (Tenn. Crim. App. Feb. 6, 2016), perm. app. denied (Tenn. 2017). [Halliburton] asserted at trial that he was insane at the time of the attack or, in the alternative, was incapable of forming the requisite culpable mental states for the offenses. Id. The trial court imposed a sentence but, after doing so, granted [Halliburton's] motion for new trial and recused itself from presiding over the new trial. Id. This court granted the State's motion for an extraordinary appeal and remanded the matter for a new sentencing hearing and hearing on the motion for new trial. Id. The successor trial court approved the jury's verdict and, after merging [Halliburton's] convictions for aggravated assault and domestic assault with his attempted first-degree murder conviction, imposed a sentence of twenty-one years in the Department of Correction. Id. This court affirmed his convictions and sentence on direct appeal, and the Tennessee Supreme Court denied his application for permission to appeal. Id.

> * * *

> The post-conviction court entered a written order denying relief, in which it found that [Halliburton] "has not prove[n] that his trial attorney's performance was deficient. [Halliburton] simply does not accept the fact that the jury did not agree with him."

*Id.* at *1, 3. The Court of Criminal Appeals affirmed the denial of Halliburton's post-conviction petition by the Shelby County Criminal Court ("the Criminal Court") with Judge J. Robert Carter, Jr., presiding.

Prior to these post-conviction proceedings, Halliburton's criminal trial was originally presided over by Judge Carolyn Blackett, who granted Halliburton a new trial. The Court of Criminal Appeals vacated Judge Blackett's grant of Halliburton's motion

- 2 -

for a new trial, found that Judge Blackett should have recused herself prior to Halliburton's sentencing hearing and hearing on his motion for new trial, and remanded for a new sentencing hearing and hearing on his motion for a new trial with the successor judge, Judge Carter, presiding. Halliburton's complaints on appeal largely have to do with the Court of Criminal Appeals' reversal of Judge Blackett's grant of his motion for new trial, and the claim that now retired Tennessee Supreme Court Chief Justice Roger A. Page, who then was a judge on the Court of Criminal Appeals, was on the panel that reversed Judge Blackett's grant of a new trial, yet did not later recuse himself as a Tennessee Supreme Court justice from hearing Halliburton's subsequent appeals to the Tennessee Supreme Court.

With this backdrop in mind, Halliburton filed a complaint in the Trial Court in July 2020, alleging that Ballin and Ballin Firm provided him legal representation approximately from 2012 to 2017 and that the Criminal Court denied his request for post-conviction relief based upon Ballin's "false post-conviction testimony." Halliburton specifically claimed that Ballin falsely testified at Halliburton's post-conviction hearing that the "defense's search for a psychological expert caused the delay in going to trial." Based upon this allegedly false testimony, the Criminal Court rejected Halliburton's claim that he had been denied the right to a speedy trial, and the Criminal Court denied Halliburton post-conviction relief. Halliburton claimed that Ballin had committed aggravated perjury and violated a multitude of provisions of the Tennessee Rules of Professional Conduct. Halliburton requested $2.65 million in compensatory damages and "punitive damages of an amount treble compensatory damages."

Ballin and Ballin Firm responded by filing a motion for a judgment on the pleadings. Halliburton filed three different motions seeking the recusal of the trial judge in this case, pursuant to Tennessee Supreme Court Rule 10B. The Trial Court denied these Rule 10B motions, and this Court affirmed. *See Halliburton v. Ballin*, No. W2023-01304-COA-T10B-CV, 2023 WL 6476627 (Tenn. Ct. App. Oct. 5, 2023); *Halliburton v. Ballin*, No. W2022-01208-COA-T10B-CV, 2022 WL 4397190 (Tenn. Ct. App. Sept. 23, 2022).

Halliburton filed a motion for leave to file "amended and supplemental pleadings" pursuant to Tenn. R. Civ. P. 15. The Trial Court granted Halliburton's motion. Halliburton filed an "amended and supplemental" complaint on May 25, 2023. Halliburton claimed that the gravamen of his complaint was "in the area of civil conspiracy, fraud, concealment, and negligence." This purported conspiracy involved members of the Tennessee judiciary and the Shelby County District Attorney's office. Halliburton specifically targeted former Tennessee Supreme Court Chief Justice Page, alleging:

> The refusal of Justice Page to disqualify himself from Plaintiff's cases was intentional and meant that any challenge to the constitutionality of

Defendants' case would not receive fair review either on direct review or in post-conviction. Judge Page helped [Shelby County District Attorney] General Weirich sustain an illegal conviction of Plaintiff through his actions against Judge Blackett and Plaintiff, and Justice Page helped Mr. Ballin and his firm during post-conviction review. There is a quid pro quo operating between Justice Page and Defendants: the Defendants do not raise problematic questions about the original violations of jurisdiction that are present in Judge Page's action against Plaintiff in the State's TRAP 9/10; and Judge Page, in his incarnation as Justice Page, makes sure that no hearing of ineffective counsel against Defendants would ever be adjudicated in Plaintiff's favor—no matter how constitutionally deficient Defendants' representation was or how constitutionally deficient the hearings in Judge Carter's court were. Justice Page acted intentionally and willfully when he heard Plaintiff's cases that appeared before the Tennessee Supreme Court. His actions in other cases proves beyond any doubt that he knew he was required by both the state and national constitutions to disqualify himself sua sponte from Plaintiff's cases. Instead, he acted with malice aforethought to advance the conspiracy hatched in Ms. Weirich's office to punish Judge Blackett and deny Plaintiff his right to a fair trial. He lacked the jurisdiction to rule on Plaintiff's cases and his participation per curiam on the cases rendered the decisions of the Court null and void. He did not possess the jurisdiction to rule, he ruled anyway in full knowledge and with the malicious intent to deceive Plaintiff and public alike. He knew his actions on the Tennessee Supreme Court were fraudulent in that he represented his participation did not render the Court's rulings null and void although clearly unconstitutional. To this day, the Page Court continues to misrepresent its constitutional obligations to Plaintiff and the people of Tennessee.

Ballin and Ballin Firm responded with a motion to dismiss, arguing that Halliburton's amended complaint violated the pleading requirements of Tennessee Rule of Civil Procedure 8; that Halliburton's action was barred by the one-year statute of limitations for personal injury claims; that his new causes of action did not relate back to the original complaint; that the absolute litigation privilege barred his causes of action based on Ballin's testimony; that there is no private right of action for perjury; that Halliburton cannot proceed with any legal malpractice action given that he has never been exonerated on his criminal conviction; that collateral estoppel barred many of Halliburton's claims that had been raised in prior actions; that the prior suit pending doctrine barred other aspects of his amended complaint; and that he failed to plead a viable claim for civil conspiracy, fraud, or fraudulent concealment.

Ballin and Ballin Firm argued that Halliburton had "abandoned his prior focus on Defendants to go down rabbit trails after a large swath of the Tennessee judiciary,

- 4 -

including the Tennessee Supreme Court, other appellate and trial court judges, the Shelby County District Attorney's office, along with other lawyers, and claim that everyone he has interacted within the legal system was or is out to get him." They requested that the Trial Court dismiss his amended complaint with prejudice and award them attorney's fees and expenses, pursuant to Tenn. Code Ann. § 20-12-119(c)(1).

After a hearing, the Trial Court granted the motion to dismiss in an order entered on August 11, 2023. The Trial Court denied Ballin's and Ballin Firm's request for attorney's fees and expenses. This appeal followed.

## Discussion

Although not stated exactly as such, Halliburton raises one issue on appeal: whether former Chief Justice Page heard Halliburton's criminal case as a judge on the Court of Criminal Appeals and then subsequently heard Halliburton's direct appeal and post-conviction appeals as a justice on the Tennessee Supreme Court. Halliburton does not properly raise any issue related to the Trial Court's dismissal of his case against Ballin and Ballin Firm.

This Court has no authority to review a Tennessee Supreme Court justice's denial of a motion for disqualification or recusal, pursuant to Tennessee Supreme Court Rule 10B. This Court in *Stringer v. Stringer*, 544 S.W.3d 714 (Tenn. Ct. App. 2017) reiterated the principle that this Court cannot alter or change decisions made by our Supreme Court, stating:

> [W]e are not free to depart from the Tennessee Supreme Court's unequivocal holding. "The Court of Appeals has no authority to overrule or modify Supreme Court's opinions." *Bloodworth v. Stuart*, 221 Tenn. 567, 428 S.W.2d 786, 789 (1968) (citing *City of Memphis v. Overton*, 54 Tenn. App. 419, 392 S.W.2d 86 (1964)); *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976). As such, "[o]nce the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts." *Morris v. Grusin*, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009) (quoting *Davis v. Davis*, No. M2003-02312-COA-R3-CV, 2004 WL 2296507, at *6 (Tenn. Ct. App. Oct. 12, 2004)); *see also Thompson v. State*, 958 S.W.2d 156, 173 (Tenn. Crim. App. 1997) ("[I]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process.") (quoting *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995)); *Levitan v. Banniza*, 34 Tenn.App. 176, 236 S.W.2d 90, 95 (1950) ("This court is bound by the decisions of the Supreme Court.").

*Id.* at 723.

The record reflects that Chief Justice Page denied Halliburton's Rule 10B motion for disqualification in *Halliburton v. Tenn. Bd. of Parole. See Halliburton v. Tenn. Bd. of Parole*, No. M2020-01657-SC-R11-CV (Tenn. Sept. 23, 2021). Halliburton appealed Justice Page's decision to the remaining justices of the Supreme Court, who also denied his motion. *See Halliburton v. Tenn. Bd. of Parole*, No. M2020-01657-SC-R11-CV (Tenn. Oct. 20, 2021). In an order denying Halliburton's motion to recuse all five justices of the High Court in *Halliburton v. Tenn. Bd. of Parole*, the Tennessee Supreme Court explained:

> Mr. Halliburton, proceeding *pro se*, has filed an application for permission to appeal from the Court of Appeals' March 17, 2022 decision. In his application, he states that the Justices of the Tennessee Supreme Court should be disqualified from considering his application because "Chief Justice Page was and is constitutionally and statutorily unqualified to hear any case related to Petitioner's criminal conviction." Mr. Halliburton asserts that Chief Justice Page is disqualified from hearing any appeal involving Mr. Halliburton because he previously served on a panel of the Court of Criminal Appeals that vacated the trial court's orders sentencing Mr. Halliburton and granting a new trial. *State v. Halliburton*, No. W2015-01630-CCA-RIO-CD (Tenn. Crim. App. Sept. 22, 2015). Mr. Halliburton further asserts that the remaining Justices of this Court also are disqualified for failing to require Chief Justice Page's recusal.

> Tennessee Supreme Court Rule 10, Canon 1.2 provides: "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Canon 2.11(A) further provides, in pertinent part: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including" when a judge "previously presided as a judge over the matter in an inferior court[.]" *See also* Tenn. Const. art. VI, § 11 ("No judge of the Supreme or Inferior Courts shall preside on the trial of any cause . . . in which he may have presided in any Inferior Court[.]"); Tenn. Code Ann. § 17-2-101(4) (same). The criminal appeal over which Chief Justice Page previously presided while a judge on the Court of Criminal Appeals is separate and distinct from this civil appeal regarding Mr. Halliburton's denial of parole. Chief Justice Page is not disqualified from hearing the instant appeal simply because he previously heard a separate matter involving Mr. Halliburton. *See State v. Hines*, 919 S.W.2d 573, 578 (Tenn. 1995) ("A judge is in no way disqualified because he tried and made

- 6 -

certain findings in previous litigation."); *King v. Slate*, 391 S.W.2d 637, 642 (Tenn. 1965) (same).

> The undersigned conclude that Mr. Halliburton has failed to establish that the Justices of this Court are disqualified from considering Mr. Halliburton's application. It is hereby ORDERED that Mr. Halliburton's request for disqualification is DENIED.

*See Halliburton v. Tenn. Bd. of Parole*, No. M2020-01657-SC-R11-CV (Tenn. July 1, 2022).

The Tennessee Supreme Court denied Halliburton's Rule 10B motion for disqualification of all five Supreme Court justices, including former Chief Justice Page, in his accelerated appeal to our Supreme Court from this Court's decision affirming the denial of his motion to recuse the trial judge in this case. *See Halliburton v. Ballin*, No. W2023-01304-SC-T10B-CV (Tenn. Nov. 7, 2023). The Tennessee Supreme Court has, therefore, soundly rejected Halliburton's calls for the former Chief Justice's recusal. As already stated, we have no authority to review the Supreme Court's decisions.

Further, the issue Halliburton does state does not raise any question as to any alleged error by the Trial Court. The issue raised by Halliburton does not ask this Court to decide whether the Trial Court erred but instead to make findings of fact which is not the role of this Court as an error correcting court.

Although Halliburton dedicates a portion of his appellate brief to arguments related to the Trial Court's dismissal of his case, any argument Halliburton has made in his appellate brief not included in his statement of issues is waived. Our Supreme Court has reiterated the importance of properly raising an issue in accordance with Tennessee Rule of Appellate Procedure 27, stating:

> This Court previously has made clear that, to be properly raised on appeal, an issue must be presented in the manner prescribed by Rule 27 of the Tennessee Rules of Appellate Procedure. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). As this Court explained in *Hodge*, "[r]ather than searching for hidden questions, appellate courts prefer to know immediately what questions they are supposed to answer" and, consequently, "[a]ppellate review is generally limited to the issues that have been presented for review." *Id.* This Court further explained in *Hodge* that an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Rule 27(a)(4).

*City of Memphis v. Edwards by & Through Edwards*, --- S.W.3d ----, 2023 WL 4414598, at *2 (Tenn. July 5, 2023). This Court has explained: "Courts have consistently held that

issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). Given that the sole issue properly presented by Halliburton is unreviewable by this Court, we find Halliburton's appeal of the Trial Court's dismissal waived.

## Conclusion

For the foregoing reasons, we affirm the Trial Court's order dismissing the appellant's amended complaint with prejudice. This cause is remanded for collection of costs. Costs on appeal are assessed against the appellant.

_____
D. MICHAEL SWINEY, CHIEF JUDGE